**Bruce W. JACKSON, et al.**

v.

**Eugene BORKOWSKI.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 13, 1993.

Decided July 8, 1993.

Bruce W. Jackson, pro se.

Jeanette L. Jackson, pro se.

Frederick J. Badger, Gregory A. Campbell, Richardson, Troubh & Badger, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and DANA, JJ.

CLIFFORD, Justice.

Plaintiffs Bruce and Jeannette Jackson appeal from an order of the Superior Court (Penobscot County, *Kravchuk, J.*) dismissing their complaint arising from the repossession of their automobile for lack of insurance. The Jacksons contend that the court abused its discretion in denying them

relief from strict compliance with M.R.Civ.P. 3, service of process, and erred in concluding that the complaint was barred by the statute of limitations. We agree and vacate the order of the Superior Court.

In their *pro se* complaint,[1] the Jacksons allege that on September 14, 1983, Bruce Jackson gave his insurance agent, Eugene Borkowski, a check and an application for car insurance. In October 1983, the Jacksons' car was repossessed by Casco Northern Bank for lack of insurance on the vehicle, the failure to maintain insurance apparently constituting a default under the security agreement with the bank.

Having unsuccessfully sought legal counsel, on October 13, 1989, the Jacksons filed in the Superior Court their complaint against New Hampshire Insurance Company, Casco Northern Bank, and Borkowski.[2] The complaint seeks damages for the wrongful repossession of their car for failure to insure. Initially unaware of the service requirements, the Jacksons did not effect service of the complaint until January 1990, serving the complaint on Borkowski on January 13, 1990. After obtaining counsel,[3] the Jacksons filed the return of service on March 1, 1990.

Borkowski did not respond to the complaint and, on the Jacksons' motion, default was entered by the Clerk. Subsequently, on Borkowski's motion, the court found good cause to set aside the default,[4] *see* M.R.Civ.P. 55(c), and permitted Borkowski to respond to the complaint. Borkowski raised affirmative defenses, including the statute of limitations, the failure to timely serve the complaint and file proof of service with the court, the failure to state a claim, and the failure to name a proper party defendant. Following the court's dismissal of their complaint for failure to serve the complaint in a timely manner (M.R.Civ.P. 3), failure to state a claim on which relief may be granted (M.R.Civ.P. 12(b)(6)), failure to name a proper party defendant, and as barred by the statute of limitations, the Jacksons appealed to this court.

■■■ The Jacksons first contend that the dismissal of their complaint for failure to comply with M.R.Civ.P. 3 constitutes an abuse of the court's discretion. In the circumstances of this case, we agree. M.R.Civ.P. 3 provides:

> Except as otherwise provided in these rules, a civil action is commenced (1) by the service of a summons and complaint; or (2) by filing a complaint with the court.... When method (2) is used, the return of service shall be filed with the court within 90 days after the filing of the complaint. If the complaint or the return of service is not timely filed, the action may be dismissed on motion and notice....[5]

"[E]xcessive or unreasonable delay in service may be a ground for dismissal unless shown to be the result of mistake or excusable neglect." *Fries v. Carpenter,* 567 A.2d 437, 439 (Me.1989); *Dalot v. Smith,* 551 A.2d 448, 449 (Me.1988). Determinations of mistake or excusable neglect are reviewable only for abuse of discretion or errors of law. *See Sevigny v. City of Biddeford,* 344 A.2d 34, 38 (Me.1975).

■■■ The requirement for proof of timely service is intended to provide the court assurance that the defendant has adequate notice and will not be prejudiced by having to defend a stale claim. *See Dalot,* 551 A.2d at 448 (principles behind timely service akin to those of latches and the statute of limitations). A defect in service of process does not automatically create

---

1. A motion to amend the complaint, filed by an attorney who briefly represented the Jacksons, was never acted on by the Superior Court.

2. Casco Northern and New Hampshire Insurance Co. were dismissed from the case in 1990. No challenge to those dismissals is before us.

3. The Jacksons' attorney has since withdrawn from the case.

4. Although the Jacksons argue in their brief that the default should not have been set aside, the court's order setting aside the default is not before us in this appeal.

5. The filing time of 90 days was added to M.R.Civ.P. 3 by amendment in 1989.

the type of prejudice requiring dismissal. *See Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 901 (11th Cir.1990); *see also* M.R.Civ.P. 4(i) ("[a]t any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process is issued.").

M.R.Civ.P. 4(h) governing returns of service provides generally that proof of service must be filed with the court "within the time during which the persons served must respond to the process." The rule also provides that "failure to endorse the date of service shall not affect the validity of the service." *Id.*

> Rule 4(h) omits the last sentence appearing in the comparable Federal rule reading, "Failure to make proof of service does not affect the validity of the service." Clearly it was omitted, not because any difference was intended, but rather because the substance of the sentence was self-evident and would necessarily be the conclusion of the Court without any necessity of an express provision in the rule. It is the service of the summons, and not the proof of service, that gives jurisdiction.... If through oversight no return is filed until the defendant complains, the plaintiff should be allowed an enlargement of time under Rule 6(b) to permit him to ... file a return showing what was done by way of service. Nothing less would be consistent with the general policy of these rules that "the court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

Field, McKusick & Wroth, *Maine Civil Practice* § 4.15 at 102 (1970) (quoting M.R.Civ.P. 61).

The Jacksons filed their complaint with the court on October 13, 1989. Initially unaware of the need to serve the complaint on the defendants, and believing that the sheriff would complete the return of service, the Jacksons did not effect service on Borkowski until January 13, 1990, 92 days after the complaint was filed, and did not file the return of service until March 1, 1990, after they had retained counsel. The limited delay in this case was neither excessive nor unreasonable. *Cf. Fries*, 567 A.2d at 438–39 (twenty-three month delay of service unexcused); *Dalot*, 551 A.2d at 449 (thirteen month delay of service not excused). Given the Jacksons' good faith attempts to comply with Rule 3, and absent any showing of prejudice to Borkowski (who himself was granted relief pursuant to M.R.Civ.P. 55(c) from strict application of M.R.Civ.P. 12(a) for failure to file a timely answer), it was an abuse of discretion for the court to have dismissed the Jacksons' complaint for failure to comply with M.R.Civ.P. 3.

The Superior Court also concluded that Borkowski was entitled to dismissal because the Jacksons failed to commence their action within the six-year statute of limitations period. 14 M.R.S.A. § 752 (1980). The statute of limitations is an affirmative defense. *Patten v. Milam*, 468 A.2d 620, 621 (Me.1983); M.R.Civ.P. 8(c). Unless it is clear on the face of the complaint that the action is barred by the relevant statute of limitations, dismissal on limitations grounds is improper. *DeSalle v. Key Bank of Southern Maine*, 685 F.Supp. 282, 283 (D.Me.1988). In this case, it is not clear on the face of the complaint whether the action was filed within six years of the accrual of the Jacksons' cause of action. The complaint was filed with the court on October 13, 1989. It alleges that on September 14, 1983, the Jacksons paid a premium to Borkowski for auto insurance, that their car was repossessed for lack of insurance in October 1983, and that they were notified as to the lack of insurance sometime after their vehicle was repossessed. The complaint contains no facts as to the effective dates of the policy the Jacksons paid for, or the expiration date of any existing policy.

The accrual of a cause of action occurs when a plaintiff sustains a judicially cognizable injury. *Chiapetta v. Clark As-*

**1014**

socs., 521 A.2d 697, 699 (Me.1987). If the cause of action arises from a contract, accrual occurs when the contract is breached. *Id.* If it is a tort action, the accrual occurs when the plaintiff sustains harm to a protected interest. *Id.; see Bozzuto v. Ouellette*, 408 A.2d 697, 699 (Me.1979). Although accrual of their cause of action may have occurred before the date the Jacksons were notified that they had no insurance, *see Chiapetta*, 521 A.2d at 700 (discovery rule does not apply to determine accrual date in lack of insurance coverage cases), based on the face of the complaint, it is possible that accrual could have occurred as late as the date of the repossession of the vehicle. Since repossession of the vehicle is alleged in the complaint to have occurred in October 1983, a time period that could include dates on or after October 13, dismissal of the complaint on the present state of the record was improper.

■ The court further concluded that the Jacksons' complaint failed to state a claim on which relief could be granted. We have held on a number of occasions "that a motion to dismiss a complaint for failure to state a claim should not be granted if the pleading alleges facts that would entitle the plaintiff to relief upon some theory, or if it avers every essential element of recovery." *Richards v. Soucy*, 610 A.2d 268, 270 (Me.1992); *see Hall v. Board of Envtl. Protection*, 498 A.2d 260, 267 (Me.1985). The Jacksons' complaint alleges that they had requested and paid for insurance from Borkowski, that their car was repossessed for lack of insurance, and that they received no notice of the lack of insurance until after the repossession. On its face, the complaint alleges facts that, absent adequate defenses, would entitle the Jacksons to relief for negligence or breach of contract against Borkowski. It was error, therefore, to dismiss the complaint for failure to state a claim.

■ Finally, the court also concluded that the Jacksons, in naming the Borkowski Agency and not Eugene Borkowski, had failed to name a proper party defendant. When the real party in interest receives proper notice, a party may be sued

under a trade name. *See Brickyard Assoc. v. Auburn Venture Partners*, 626 A.2d 930, 935 (Me.1993). The misnaming of a party, as opposed to naming the wrong party, is not fatal to the complaint and does not require dismissal. *Clark v. Maine Dept. of Corrections*, 463 A.2d 762, 766 (Me.1983). The Jacksons' complaint names the Borkowski Agency as a defendant. Borkowski contends that because his agency is run as a sole proprietorship the Jacksons were required to sue him individually and that naming the agency as defendant entitles him to a dismissal. Borkowski, however, received notice of the complaint that he then forwarded to New Hampshire Insurance Co. to effect his defense. After the default was entered against him, Borkowski retained counsel, appeared before the court to set aside the default, and answered the Jacksons' complaint. Absent any showing of prejudice to Borkowski due to the misnomer, it was error for the court to dismiss the complaint for failure to name a proper party defendant. On remand, the Jacksons should be allowed to amend their complaint to name Eugene Borkowski as defendant.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.