2001 ME 47

**TOWN OF OGUNQUIT**

v.

**DEPARTMENT OF PUBLIC SAFETY et al.**

Supreme Judicial Court of Maine.

Argued: Feb. 14, 2001.
Decided: March 12, 2001.

**292**

Roy T. Pierce, Esq., (orally), Jeffrey T. Edwards, Esq., Geoffrey K. Cummings, Esq., Preti, Flaherty, Beliveau, Pachios & Haley, LLC, Portland, for plaintiff.

John C. Bannon, Esq., (orally), Murray Plumb & Murray, Portland, (for 13 Main Street, Inc.), G. Steven Rowe, Attorney General, Michelle Robert, Asst. Attorney General, (orally), Augusta, (for Dept. of Public Safety), for defendants.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

1. The License Application Procedure Act allows for an independent right of appeal from a ruling of the Bureau and reads in pertinent part:
   Any person or governmental entity aggrieved by a bureau decision under this section may appeal the decision to the Administrative Court within 30 days of receipt of the written decision of the bureau.
   28–A M.R.S.A. § 653(5) (Supp.2000).

2. As of March 15, 2001, the Administrative Court is abolished and its jurisdiction as-

**CLIFFORD, J.**

[¶ 1] The Town of Ogunquit appeals from the judgment of dismissal entered in the Administrative Court (*Beaudoin, J.*) in favor of the Department of Public Safety, Bureau of Liquor Enforcement, and 13 Main Street, Inc., d/b/a The Club, in the Town's appeal from a decision of the Bureau granting a liquor license to The Club. The Town contends that its failure to serve the parties by certified mail within thirty days of the decision of the Bureau was not jurisdictional and did not prejudice the Bureau or The Club, and, therefore, was an insufficient ground on which to base a dismissal. We agree with the Town and vacate the judgment.

[¶ 2] In February of 2000, The Club, a restaurant and dance club, filed an application for a renewal and an expansion of the scope of its liquor license with the Town of Ogunquit. The Selectman denied The Club's application with regard to the newly constructed deck area, but granted a license for the remaining establishment. The Club appealed to the Bureau of Liquor Enforcement and on June 5, 2000, the Bureau determined that the Town's denial of the Club's license was without justifiable cause and granted the license. *See* 28–A M.R.S.A. § 653(3)(B) (Supp.2000). Pursuant to section 653(5),[1] the Town timely filed an appeal with the Administrative Court[2] to vacate the decision of the Bureau on July 5, 2000, and sent copies of the petition by regular mail to the Attorney General, The Club, and the Bureau.[3]

[¶ 3] Pursuant to section 11005 of the Administrative Procedure Act (APA),[4] the

sumed by the District Court. 28–A M.R.S.A. § 653(5) (Supp.2000).

3. The Bureau indicated in its motion to dismiss that the Department of the Attorney General received a copy of its petition on July 5, 2000. At oral argument, the Bureau acknowledged that it received the petition sent by regular mail.

4. The Administrative Procedures Act provides:

Bureau entered its appearance with the Administrative Court on July 18, 2000, and The Club entered its appearance on July 24, 2000. The Club moved the court to dismiss the Town's petition for review because the Town did not serve the petition on The Club by certified mail as required by 5 M.R.S.A. § 11003.[5]

[¶ 4] The Town then forwarded copies of the petition for review to The Club and the Bureau, by certified mail, twenty-one days after it filed the petition. The Bureau received its copy of the certified mail on August 2, 2000. The court granted the motions to dismiss the petition filed by the Bureau and The Club based on the Town's failure to comply with service of process requirements set forth in 5 M.R.S.A. § 11003. The Town appealed the dismissal to this Court pursuant to 5 M.R.S.A. § 11008 (1989) and M. Admin. C.R. 80C.

## I.

[¶ 5] The Town contends that the Administrative Court, in dismissing the Town's appeal, failed to exercise its discretion because it concluded that the failure of the Town to serve the petition by certified mail concurrently with the filing of the petition deprived the court of jurisdiction to hear the Town's appeal.

[¶ 6] The License Application Procedure Act makes it clear that a party must appeal a decision of the Bureau to the Administrative Court within thirty days of the decision by the Bureau. 28–A M.R.S.A. § 653 (Supp.2000). Pursuant to the APA, a party seeking review of an administrative decision must serve the oth-er parties by certified mail. 5 M.R.S.A. § 11003 (1989). The Bureau is obligated to file with the court a copy of the record under review within thirty days after the petition is filed. Other participating parties must file with the reviewing court a written appearance within twenty days after the petition is filed with the court. 5 M.R.S.A. § 11005 (1989). Here the Town filed the petition with the Administrative Court within thirty days of the decision of the Bureau, and served the parties within that time by regular mail. Service of the petition by *certified mail,* however, was not made until more than thirty days following the Bureau's decision.

[¶ 7] We review a trial court's interpretation of a statute directly for error of law and look to the plain meaning of statutory language to "give effect to the legislative intent." *Koch Ref. Co. v. State Tax Assessor,* 1999 ME 35, ¶ 4, 724 A.2d 1251, 1252–53. We consider the statutory scheme as a whole to achieve a "harmonious result," and avoid a statutory construction that creates absurd, illogical, or inconsistent results. *Id.; see also Fairchild Semiconductor Corp. v. State Tax Assessor,* 1999 ME 170, ¶ 7, 740 A.2d 584, 587. The language of the APA does not explicitly provide a time period during which a party must be served by a petitioner. 5 M.R.S.A. §§ 11003, 11005 (1989).

[¶ 8] The Town contends that it had ninety days to effect service on the parties and the Attorney General. Rule 3 of the Maine Rules of Civil Procedure provides in pertinent part: "Except as otherwise pro-

---

The agency shall file in the reviewing court within 30 days after the petition for review is filed, or within such shorter or longer time as the court may allow on motion, the original or a certified copy of the complete record of the proceedings under review. Within 20 days after the petition for review is filed, all parties to the agency proceeding who wish to participate in the review shall file a written appearance which shall state a position with respect to affirmance, vacation, reversal or modification of the decision under review.

5   M.R.S.A. § 11005 (1989).

**5.** "The petition for review shall be served by certified mail, return receipt requested, upon:

    **A.**   The agency;
    **B.**   All parties to the agency proceeding; and
    **C.**   The Attorney General."

5   M.R.S.A. § 11003 (1989). "Service by mail shall be complete when the registered or certified mail is delivered and the return receipt signed ...." M. Admin. C.R. 4(b).

vided in these rules, [when] a civil action is commenced by filing a complaint with the court ... the return of service shall be filed with the court within 90 days after the filing of the complaint ...." M.R. Civ. P. 3. Although Rule 3 lends support to the Town's contention, a reading of the entire statutory scheme leads us to conclude that service of the petition should be served within the time that the petition must be filed. 28–A M.R.S.A. § 653(5) (Supp. 2000). Because an agency must file a record within thirty days of the petition filing, and interested parties must file their appearance within twenty days of the filing of the petition, a reading of all of the applicable statutes suggests that service on a party must be made within the same time the petition must be filed. *See State v. Maizeroi*, 2000 ME 187, ¶ 14, 760 A.2d 638, 643 (looking at other indicia of legislative intent to determine purpose of legislation).

[¶ 9] Nevertheless, in the circumstances of this case, the Town's failure to serve The Club and the Bureau by certified mail within thirty days does not deprive the Administrative Court of its jurisdiction, and does not require the court to dismiss the Town's petition.

[¶ 10] Failure to serve a defendant in a timely manner may prevent a court from having personal jurisdiction over that defendant. *Fries v. Carpenter*, 567 A.2d 437, 439 (Me.1989). Excessive or unreasonable delay in service of process may be grounds for dismissal unless shown to be a result of mistake or excusable neglect. *Dalot v. Smith*, 551 A.2d 448, 449 (Me.1988); *see also Thomas v. Thompson*, 653 A.2d 417, 420 n. 2 (Me.1995).

[¶ 11] The purpose of timely service is to provide a court with assurance that the party being served has adequate notice and will not be prejudiced by having to defend a stale claim. *Jackson v. Borkowski*, 627 A.2d 1010, 1012–13 (Me.1993) (finding failure to effect service ninety-two days after complaint filed not excessive

nor unreasonable and plaintiffs made good faith attempt to comply); *see also Baker's Table, Inc. v. City of Portland*, 2000 ME 7, ¶ 18, 743 A.2d 237, 243 (considering purpose of rule to determine if court acted within discretion when it dismissed without comment). "A defect in service of process does not automatically create the type of prejudice requiring dismissal." *Jackson*, 627 A.2d at 1012–13 (acknowledging court discretion to allow amendment to process or proof of service unless clear prejudice to substantial rights of party against whom process served). A technical violation of a statutorily prescribed manner to give notice is not fatal when it does not prejudice the party receiving the notice, and a court may disregard nonprejudicial failure to comply strictly with notice requirements. *Darling v. Augusta Mental Health Inst.*, 535 A.2d 421, 426–27 (Me.1987) (finding failure of doctor to personally sign certified mail receipt not grounds to declare that plaintiff did not meet notice requirements); *see also Jackson*, 627 A.2d at 1013 (declaring self-evident that failure to make proof of service has no affect on validity of service).

[¶ 12] In *Southridge v. Bd. of Envtl. Prot.*, 655 A.2d 345 (Me.1995), we affirmed the denial of a motion to dismiss a petition for review and failed to find prejudice to the party, even though the petitioner did not name all interested parties in the appeal, because the petition contained all statutorily mandated information, the petitioner sent a copy of the petition to the party's agent, and the agent was allowed to intervene. *Southridge*, 655 A.2d at 347. We also found no prejudice against a party when the party's agency, but not the party individually, was named in a complaint, the party retained counsel, appeared before the court, and answered the plaintiff's complaint. *Jackson*, 627 A.2d at 1014.

[¶ 13] Here, although service by *certified* mail was not made on The Club or the Bureau within what we now conclude to be the required time, there was no actual prejudice to the Bureau or The Club. They

received copies of the petition by regular mail and had adequate notice. They both filed timely letters of appearance and motions to dismiss. Moreover, the action taken by the Town to resend the notices by certified mail was reasonably calculated to provide notice to the Bureau and The Club. *See Roy v. Buckley*, 1997 ME 155, ¶ 12, 698 A.2d 497, 502.

[¶ 14] In view of the prompt action taken by the Town, and the lack of prejudice to the parties, the court erred in granting the motion to dismiss for failure to serve the petition by certified mail at the same time it filed the petition.[6]

## II.

[¶ 15] In its brief to us, The Club contends that the Town waived its right to have the case heard on its merits because it did not brief to this Court the underlying substantive issues as to the merits of the granting of the license. We have never held in an appeal such as this, from a trial court based on a procedural issue, that the appellant is required to address the underlying substantive merits of the case when those merits were not addressed by the trial court. The issue in this appeal is procedural only, and the Town's appeal does not fail because it does not address the underlying merits of the Bureau's grant of the license to The Club.

The entry is:

Judgment vacated. Remanded to the Administrative Court for further proceedings consistent with this opinion.[7]

---

6. Because we conclude that the Town's petition was improperly dismissed, we do not address the Town's contention that the Bureau did not provide adequate notice concerning the manner and time frame for making service.

7. Because the Administrative Court is abolished as of March 15, 2001, *see supra* note 2, this case will be processed in the District Court on remand.