STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, SS.                                   CIVIL ACTION
                                                  DOCKET NO. AP-02-016

STEVEN A. MENDEZ,

        Petitioner

vs.                                               ORDER

                                                  DONALD L. GARBRECHT
STATE OF MAINE,                                   LAW LIBRARY

        Respondent                                SEP 9 2002

        The petitioner is incarcerated at the Maine Correctional Center in Windham, Maine. He asserts that he lost good time credits as the result of a disciplinary proceeding, which in turn delayed the release date of the first of his two consecutive sentences from October 28, 2001 to November 11, 2001. On November 13, 2001, he appealed that decision to the Chief Administrative Officer of the correctional center. *See* 34-A M.R.S.A. §§ 1001(1)(A) & 3032(6)(H). On November 14, 2001, he received notice that his appeal had been denied.

        On April 17, 2002, the petitioner filed this 80C action seeking a review of the decision of the Chief Administrative Officer denying his administrative appeal. Proof of service upon the respondent and the Attorney General has not yet been filed. 5 M.R.S.A. § 1103(1).

        On July 2, 2002, the petitioner filed a letter with the court, dated June 30, 2002, which appears to be in the nature of a request for an extension of time to complete service of process. M.R. Civ. P. 6(b). Although

1

there is no expressed deadline in the Administrative Procedures Act, 5 M.R.S.A. § 11001, *et seq.*, or the court's rules for making service of an 80C petition, the Law Court has held "that service on a party must be made within the same time the petition must be filed." *Ogunquit v. Department of Public Safety*, 2001 ME 47, ¶ 8, 767 A.2d 291, 294 (citation omitted). In this case, the petition had to be filed within 30 days from November 14, 2001. 5 M.R.S.A. § 11002(3). As noted, it was not filed until April 17, 2002.

The court reviewed its file for the purpose of acting on the petitioner's request for additional time. As a result of this review, the court determined that the petition was not timely filed and this failure deprives the court of jurisdiction in this matter. *Brown v. State Dept. of Manpower Affairs*, 426 A.2d 880, 888 (Me. 1981).

> "[t]he [Administrative Procedures] Act's time limitations are jurisdictional.... As limitations on jurisdiction, the Act's time periods for appeal are noticeable sua sponte. The Superior Court's duty to dismiss an action when it learns it is without jurisdiction is not affected by the manner in which the jurisdictional facts in the record are brought to its attention."

*Id.* Based upon the foregoing, the petition must be dismissed.

Accordingly, pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference, and the entry is

Petitioner's 80C petition is DISMISSED.

Dated: July 31, 2002

_____
Justice, Superior Court

2



Action _____

STEVEN A. MENDEZ

STATE OF MAINE
MAINE CORRECTIONAL CENTER

vs.

Plaintiff's Attorney

STEVEN A. MENDEZ, PRO-SE
P.O. Box 250
S. Windham, ME 04082

Defendant's Attorney

Date of
Entry