STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-034

GAB - YOR - 1/24/2003

GEORGE W. CROMWELL, II,

Petitioner

v.

ORDER

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,

Respondent

DONALD L. GARBRECHT
LAW LIBRARY

MAR 3 2003

Pending is the Commission's Motion to Dismiss this appeal. Following hearing, the motion is Granted.

In this case the Commission entered a decision affirming that Mr. Cromwell was disqualified from benefits on June 11, 2002. This decision, along with a notice of appeal of rights was mailed to Mr. Cromwell. On June 14, 2002 Mr. Cromwell filed an appeal of the decision in Superior Court. However, a copy of the appeal papers was not served on the State until approximately October 9, 2002. When the Commission did not receive notice of the appeal after sixty days,[1] the tape-recorded record of the hearing was destroyed in the ordinary course of business. Mr. Cromwwell argues that he was following advice from the Superior Court clerk's office and was not advised to serve the State.

Maine's Administrative Procedures Act requires the notice of appeals shall be served on all interested parties within thirty days. *Town of Ogunquit v. Dept. of Public Safety*, 2001 Me. 47, 767 A.2d 291. Here, although the appeal was filed with the court

---

[1] In this case the tape was destroyed on October 1, 2002, nearly four months post-hearing.

within thirty days, it was not served on the State until nearly four months later. Assuming for the purpose of discussion that Mr. Cromwell received incorrect advice from the clerk, this, although unfortunate, does not excuse the late service. This is particularly true where the "Notice of Appeal Rights", sent to Mr. Cromwell with the decision, provides clear notice that the appeal papers must be served on the State. The rational for this rule is well illustrated by this case. The tape-recorded record, which would be essential to an effective appeal, has been destroyed.

The entry will be as follows:

The Motion to Dismiss is Granted.

The clerk may incorporate this order in the docket by reference.

Dated: February 24, 2003

G. Arthur Brennan
Justice, Superior Court

George W. Cromwell, II (pro se) - PL
Elizabeth Wyman, AAG - DEF

2