STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV03-533
REC-CUM- 5/26/2004



2004 MAY 26 A 10: 13

ELIZABETH AND JAMES ORSER and
SIDNEY L. STRATTON,

     Plaintiffs

  v.

     ORDER

SUSAN CHASE and SCOTT VERRILL,

     Defendants,

and

TOWN OF CUMBERLAND,

     Party-in-Interest.

DONALD                    RT
LA

JUN 9 2004

Susan Chase and Scott Verrill (collectively the Defendants) move this court to dismiss this action pursuant to M.R. Civ. P. 12(b)(5) and 12(b)(1). The Plaintiffs Elizabeth and James Orser (collectively the Orsers) oppose this motion.

This case deals with a dispute over the Defendants' right to build a driveway over a parcel of land known as the Bruce Hill Road Extension.

The Defendants argue that the court should dismiss the Orsers' claims because process was insufficient under Rule 12(b)(5). Here, a motion for a temporary restraining order was filed on October 1, 2003. The next day, the Defendants appeared through their counsel. The Defendants' counsel were provided with the complaint and other pleadings, and were ordered to complete their filings in opposition to the TRO by October 6, 2003. Negotiations between the parties continued throughout the next several months. On January 22, 2004, this court's clerk telephoned the plaintiffs' counsel, who responded with a letter dated January 22, 2004, explaining the plaintiffs'

position regarding service. On January 29, 2004, Defendants' attorney signed an acceptance of service which was filed on February 2, 2004.

"The purpose of timely service is to provide a court with assurance that the party being served has adequate notice and will not be prejudiced by having to defend a stale claim." Town of Ogunquit v. Dep't of Pub. Safety, 2001 ME 47, ¶11, 767 A.2d 291, 294. "A defect in service of process does not automatically create the type of prejudice requiring dismissal." Id. (quoting Jackson v. Borkowski, 627 A.2d 1010, 1012-13 (Me. 1993)). In no way were the Defendants prejudiced or caught by surprise, because they were involved in the entire negotiation process and were well familiar with the Plaintiffs' claims. Therefore, the Defendants' motion to dismiss for insufficiency of service of process is denied.

The Defendants also argue that the Orsers do not have standing. "To have standing, a party must have suffered an injury that is distinct from any harm suffered by the public-at-large." Delogu v. City of Portland, 2004 ME 18, n.1, __ A.2d __; see also Madore v. Maine Land Use Regulation Comm'n, 1998 ME 178, ¶8, 715 A.2d 157, 160. "[S]tanding is a threshold issue bearing on the court's power to adjudicate disputes." Franklin Property Trust v. Foresite, Inc., 438 A.2d 218, 220 (Me. 1981).

"The court has discretion to determine what evidence is necessary to resolve the disputed facts" regarding a finding of personal jurisdiction or justiciability. Dorf v. Complastik Corp., 1999 ME 133, ¶15, 735 A.2d 984, 989. This court will look to affidavits, pleadings, or other documentary evidence to determine whether a party has standing. Id. If necessary, the court could hold a hearing to seek oral testimony. Id. Cf., Unisys Corp. v. Dep't of Labor, 600 A.2d 1019, 1023 (Conn. 1991) (stating that when jurisdictional facts are in dispute, the court should hold a hearing). The plaintiff cannot

rest on allegations but must set forth facts, in affidavits or otherwise, demonstrating standing. See Libertad v. Welch, 53 F.3d 428, 436 (1st Cir. 1995).

On the record presented, it is clear that the Orsers own property abutting the Bruce Hill Road Extension. It is the rights in the Bruce Hill Road Extension which are at issue in this case. At this preliminary stage of the proceedings, the court should resist the invitation of the parties to resolve the dispute on the merits by determining what rights the Orsers have in the disputed portion of the road.

The Orsers have demonstrated that they have standing because they have set forth sufficient facts in their pleadings and other documents to demonstrate that the harm that they claim to have suffered is distinct from the harm suffered by the public at large.

Therefore, the entry :

Defendants' motion to dismiss is DENIED.

Dated:May 28, 2004

Robert E. Crowley
Justice, Superior Court

ELIZABETH ORSER  - PLAINTIFF

Attorney for: ELIZABETH ORSER
JOHN B SHUMANDINE
MURRAY PLUMB & MURRAY
75 PEARL STREET
PO BOX 9785
PORTLAND ME 04104-5085

Attorney for: ELIZABETH ORSER
JOHN BANNON
MURRAY PLUMB & MURRAY
75 PEARL STREET
PO BOX 9785
PORTLAND ME 04104-5085

Attorney for: ELIZABETH ORSER
MICHAEL TRAISTER
MURRAY PLUMB & MURRAY
75 PEARL STREET
PO BOX 9785
PORTLAND ME 04104-5085

JAMES ORSER  - PLAINTIFF

Attorney for: JAMES ORSER
JOHN B SHUMANDINE
MURRAY PLUMB & MURRAY
75 PEARL STREET
PO BOX 9785
PORTLAND ME 04104-5085

Attorney for: JAMES ORSER
JOHN BANNON
MURRAY PLUMB & MURRAY
75 PEARL STREET
PO BOX 9785
PORTLAND ME 04104-5085

Attorney for: JAMES ORSER
MICHAEL TRAISTER
MURRAY PLUMB & MURRAY
75 PEARL STREET
PO BOX 9785
PORTLAND ME 04104-5085

SIDNEY STRATTON  - PLAINTIFF

vs
SUSAN CHASE  - DEFENDANT

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2003-00533

**DOCKET RECORD**

Printed on: 06/01/2004

Attorney for: SUSAN CHASE
JEFFREY PETERS
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
THIRTY FRONT STREET
PO BOX 665
BATH ME 04530-0665

Attorney for: SUSAN CHASE
JONATHAN G MERMIN
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546

SCOTT VERRILL  - DEFENDANT

Attorney for: SCOTT VERRILL
JEFFREY PETERS
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
THIRTY FRONT STREET
PO BOX 665
BATH ME 04530-0665

Attorney for: SCOTT VERRILL
JONATHAN G MERMIN
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546

TOWN OF CUMBERLAND - PARTIES IN INTEREST

Attorney for: TOWN OF CUMBERLAND
KENNETH COLE
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

Attorney for: TOWN OF CUMBERLAND
NATALIE BURNS
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

Filing Document: COMPLAINT                 Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 10/01/2003

## Docket Events:

10/01/2003 FILING DOCUMENT - COMPLAINT FILED ON 10/01/2003
          VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR DAMAGES, TITLE TO REAL
          ESTATE INVOLVED WITH EXHIBITS A,B AND C, FILED. (ST)