<u>Pike v. Petersen</u>, CV-09-515 (Superior Ct. Cumberland)        ~TDW~ CUM- 3/15/2010

                                                                    15 MAR '10 PM3:13

        Before the court is a motion to dismiss by defendant Bradley Petersen.

        Petersen argues that the complaint should be dismissed for lack of personal jurisdiction, but he is really complaining about the failure to file a return of service within 90 days as required by M.R.Civ.P. 3.

        A handwritten complaint was filed by plaintiff Diane Pike on September 16, 2009.[1] On or about November 30, 2009 Petersen served an answer with affirmative defenses, including a defense of insufficient service. That document was received by the court on December 3, 2009.

        On December 23, 2009 Petersen filed the instant motion, pointing out that no proper return of service had been filed within 90 days of the commencement of the action as called for by M.R.Civ.P 3. On January 14, 2010 counsel appeared for Pike and at the same time filed the return of service. That return of service included an affidavit from a Deputy Sheriff in New York City stating that Petersen had been served on November 12, 2009 in Manhattan.

        Thus the record reflects that service was made within 60 days of the filing of the complaint but that the return of service was not filed until 120 days after the filing of the complaint. Plaintiff argues that this requires dismissal of the action because Pike has not demonstrated excusable neglect for the failure to file a timely return of service.

        The court disagrees. The primary purpose of Rule 3 is to require that <u>service</u> be made within 90 days. "Excessive or unreasonable delay in service may be a ground for dismissal unless shown to be the result of mistake or excusable neglect." <u>Jackson v. Borkowski</u>, 627 A.2d 1010, 1012 (Me. 1993), quoting <u>Fries v. Carpenter</u>, 567 A.2d 437, 439 (Me. 1989); <u>Dalot v. Smith</u>, 551 A.2d 448, 449 (Me. 1988). In this case, however, service was effected within the 90 day period.

        While the <u>return</u> of service was filed 30 days late in this case, the requirement that proof of service be filed within 90 days is primarily informational – to apprise the court whether timely service has been made. Missing that deadline, when service has in fact been timely made, is a minor transgression that does not justify the dismissal of a lawsuit, especially where there is no prejudice to the defendant. <u>See Jackson v. Borkowski</u>, 627 A.2d at 1013. Notably, in <u>Jackson v. Borkowski</u>, the Law Court vacated a dismissal under Rule 3 in a case where the summons and complaint were served 2 days after the 90 day limit called for in Rule 3 and the return of service was not filed until more than 45 days after the 90 day limit. Nevertheless, the Law Court concluded that the delay in <u>Jackson</u> was neither excessive nor unreasonable. <u>Id.</u>

---

[1] Although Petersen contends that the complaint does not state a claim, it sufficiently alleges that Pike sustained physical and emotional injuries in Gray, Maine on September 20, 2003 as a result of negligent driving by Petersen, a resident of New York.

This is a more favorable case than <u>Jackson</u> for the plaintiff, most importantly because service was timely made here and also because there was a shorter delay in filing the return of service.

The entry shall be:

Defendant's motion to dismiss is denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March _12_, 2010

_____
Thomas D. Warren
Justice, Superior Court

-------------------------------------------------------------------------------

01 0000002877          DAIGLE, EDWARD
      31 EXCHANGE STREET PORTLAND ME 04101
      F      DIANE J PIKE                        PL        RTND    01/14/2010

02 0000004384          MARCZAK, THOMAS PAUL
      THREE CANAL PLAZA PO BOX 4630 PORTLAND ME 04112-4630
      F      BRADLEY PETERSON                    DEF        RTND    12/23/2009

DIANE J PIKE VS BRADLEY PETERSON
UTN:AOCSsr  -2009-0102389                          CASE #:PORSC-CV-2009-00515