ENTERED FEB 1 2 2015

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-14-192
*JON-YOR-02-05-15*

GRAND REAL ESTATE MANAGEMENT, LLC,

Plaintiff,

v.                                                              ORDER

GRAND VICTORIAN HOTEL
CONDOMINIUM ASSOCIATION,

Defendant.

Before the court is Defendant Grand Victorian Hotel Condominium Association's motion to dismiss under M.R. Civ. P. 12(b)(5) for improper service of process. Plaintiff Grand Real Estate Management, LLC served process on Karen Belton, who is an employee at the offices of Hirshon Law Group, P.C., located at 208 Fore Street in Portland, Maine. Attorney David M. Hirshon is the principal of Hirshon Law Group and attorney for the Defendant. According to corporate records maintained by the Maine Secretary of State, the Defendant lists Attorney Hirshon as registered agent with an address of "HIRSHON LAW GROUP, P.C. 208 FORE ST."

Service of process may be accomplished upon a domestic private corporation:

[B]y delivering a copy of the summons and of the complaint to any officer, director or general agent; or, if no such officer or agent be found, to any person in the actual employment of the corporation; or, if no such person be found, then pursuant to subdivision (g) of this Rule, provided that the plaintiff's attorney shall also send a copy of the summons and of the complaint to the corporation by registered or certified mail, addressed to the corporation's principal office as reported on its latest annual return;

1

or (b) by delivering a copy of the summons and of the complaint to any agent or attorney in fact authorized by appointment or by statute to receive or accept service on behalf of the corporation, provided that any further notice required by the statute shall also be given.

Me. R. Civ. P. 4(d)(8)(a)-(b).

Defendant contends that Karen Belton is not an officer, director, or general agent for the corporation and therefore service was improper. While a literal reading of Rule 4(d)(8) supports Defendant's interpretation, the Law Court has declined to apply the rules strictly where a defect has not prejudiced the party to be served. *Town of Ogunquit v. Dep't of Pub. Safety*, 2001 ME 47, ¶ 11, 767 A.2d 291 ("A defect in service of process does not automatically create the type of prejudice requiring dismissal.") This is particularly true where the defendant received actual notice of the suit. *See, e.g., In re Richard E.*, 2009 ME 93, ¶ 21, 978 A.2d 217 ("When actual notice is accomplished, a technical defect in service may be overlooked."); *Phillips v. Johnson*, 2003 ME 127, ¶ 24, 834 A.2d 938 ("Because actual notice is the ultimate goal of any form of service, the discovery of a technical defect in service will not ordinarily negate the notice when actual notice is accomplished."); *Peoples Heritage Sav. Bank v. Pease*, 2002 ME 82, ¶ 14, 797 A.2d 1270 (actual notice defeats technical noncompliance with Rule 4).

Here, Attorney David Hirshon received actual notice because service was made upon an employee of his law firm at the appropriate address and he responded to the complaint by filing this motion to dismiss, presumably after consultation with his client the Defendant. The fact service was made upon a Hirshon Law Group employee rather than Attorney Hirshon personally has not prejudiced the Defendant. As a result, the Plaintiff's failure to comply with technical requirements of Rule 4(d)(8) does not require dismissal.

2

The clerk will make the following entry, by reference, on the docket:

The Defendant's motion to dismiss is hereby DENIED.

SO ORDERED.

DATE: February 5, 2015

John O'Neil, Jr.
Justice, Superior Court

3

CV-14-192

ATTORNEY FOR PLAINTIFF:
ANDREW JAMES HUNGERFORD
HUNGERFORD LEGAL
14 MASON STREET
PO BOX 7584
PORTLAND, ME 04112-7584

ATTORNEY FOR DEFENDANT:
DAVID HIRSHON, ESQ.
HIRSHON LAW GROUP
208 FORE STREET
PORTLAND, ME 04101