STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. ALFSC-CV-15-111

PAUL R. NELSON,

        Plaintiff,

v.

**ORDER**

ALICE B. CHAPIN, and
DONALD A. GREENE,

        Defendants.

### I.     Background

#### A.  Procedural History

This case involves an automobile accident that occurred on or about June 18, 2009. Plaintiff Paul Nelson brings this action against defendants Alice Chapin and Donald Greene.[1] Count I of the complaint alleges defendant Chapin, hereinafter defendant, was negligent in her operation of a motor vehicle thereby causing injuries to plaintiff. (Compl. ¶¶ 13-14.) Before the court is defendant's motion to dismiss pursuant to M.R. Civ. P. 3 and 12(b).

#### B.  Facts

On or about June 18, 2009 defendant was operating a motor vehicle in Wells, Maine. (Compl. ¶ 6.) The vehicle she was operating collided with defendant Greene's vehicle when attempting to exit a parking lot onto Route One. (Compl. ¶¶ 6-7, 11.) Defendant Greene was operating his motor vehicle heading in a southerly direction on Route One in Wells at the time of the collision. (Compl. ¶ 7.) The plaintiff was a passenger in one of the vehicles driven by the

---

[1] Defendant Greene passed away and service was never completed upon him or his estate.

1

defendants when the collision occurred.[2] (Compl. ¶ 8.) Plaintiff alleges the defendants' negligence caused the accident and that the accident caused him permanent personal injury. (Compl. ¶¶ 11-12.)

Plaintiff filed his complaint on June 15, 2015, which was days before the statute of limitations would have run on his claims. *See* 14 M.R.S. § 752 (2015). He subsequently failed to file return of service within the 90-day period as required by M.R. Civ. P. 3. The 90-days expired on or about September 14, 2015.

At some point after the accident plaintiff, through counsel, was in communications with defendant's insurance company. In July of 2015 an employee or representative of the insurance company allegedly asked plaintiff's counsel in an email to withhold from serving defendant while negotiations were ongoing. The insurance company never stated it was waiving the statute of limitations or strict compliance with the Maine Rules of Civil Procedure. This request was made about two months prior to the deadline to complete service. Counsel acquiesced to the request, but maintains there was an ongoing effort to locate the defendant's current residence for the purpose of serving her if the negotiations were unsuccessful.[3] The timeline and extent of those efforts are unknown to the court. The court also understands that the plaintiff and defendant were, at least at one point, friends and continue to have a number of mutual friends. (Def.'s Reply to Pl.'s Opp'n to Mot. Dismiss at 4.) There is no evidence plaintiff ever consulted any of these friends to locate the address of defendant.

Further, plaintiff failed to file a motion to extend the 90-day window prior to its

---

[2] There is conflicting information about which vehicle the plaintiff was in at the time of the collision. The complaint states and the answer admits that the plaintiff was in defendant Greene's vehicle. However, in defendant's Reply to Plaintiff's Opposition to Motion to Dismiss and at oral argument on the motion counsel for defendant stated the plaintiff was in defendant Chapin's vehicle.

[3] This communication and email were introduced for the first time at the hearing on the motion to dismiss, and the court does not rely upon this information in this decision.

2

expiration. On October 29, 2015 the court issued a notice indicating the case would be dismissed unless plaintiff filed a motion to retain on the docket. No motion was filed, but plaintiff's counsel appeared before the court on December 9, 2015, the hearing date stated in the notice. Plaintiff's counsel requested a 90-day extension to complete service. The court granted the extension. Service was eventually completed upon defendant, and the return of service was filed on February 1, 2016 before the extended deadline.

## II. Discussion

### A. Motion to Dismiss

Negligence claims must be commenced "within six years after the cause of action accrues." 14 M.R.S. § 752; *see also Oceanside at Pine Point Condominium Owners Ass'n v. Peachtree Doors*, 659 A.2d 267, 272 (Me. 1995). The filing of a complaint commences a civil action. M.R. Civ. P. 3. Plaintiff's complaint was filed days prior to the statute of limitation running. Thus, defendant's statute of limitations affirmative defense turns on her claim the action was not properly commenced because the return of service was not timely filed.

Rule 12(b) of the Maine Rules Civil Procedure states in relevant part, "the following defenses may at the option of the pleader be made by motion: . . . (2) lack of jurisdiction over the person; . . . (4) insufficiency of process; (5) insufficiency of service of process . . ."[4] M.R. Civ. P. 12(b). Motions under Rules 12(b)(4) and (5) are appropriate when the delay of service is unreasonable. *See Dalot v. Smith*, 551 A.2d 448, 449 (Me. 1988)(quoting 1 Field, McKusick & Wroth, *Maine Civil Practice*, § 4.1 at 58 (2nd ed. 1970)).

Return of service must be filed with the court within 90 days after a civil action is commenced by filing a complaint. M.R.Civ. P. 3. Service of process is required to give the

---

[4] Defendant moves under M.R. Civ. P. 12(b) generally. The Rule 12(b) defenses that are irrelevant to this motion are excluded.

3

court personal jurisdiction over a defendant. *Brown v. Thaler*, 2005 ME 75, ¶ 10, 880 A.2d 1113. Moreover, "[t]he purpose of timely service is to provide a court with assurance that the party being served has adequate notice and will not be prejudiced by having to defend a stale claim." *Town of Ogunquit v. Dep't of Pub. Safety*, 2001 ME 47, ¶ 11, 767 A.2d 291. On motion and notice, actions may be dismissed when return of service is not timely filed. M.R. Civ. P. 3. "Excessive or unreasonable delay in service may be a ground for dismissal unless shown to be the result of mistake or excusable neglect." *Jackson v. Borkowski*, 627 A.2d 1010, 1012 (Me. 1993).

The period to file return of service may be extended pursuant to M.R. Civ. P. 6(b)(2), which states as follows:

> When by these rules . . . an act is required . . . to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .

The plaintiff sought and obtained from the court an extension of the period to file return of service until 90 days after December 9, 2015.

### B. Law of the Case Doctrine

The longstanding doctrine of "law of the case" is "the sound policy that in the interest of finality and intra court comity a Superior Court justice should not, in subsequent proceedings involving the same case, overrule or reconsider the decision of another justice." *Grant v. Saco*, 436 A.2d 403, 405 (Me. 1981). The court previously granted the plaintiff an extension to file return of service pursuant to M.R. Civ. P. 6(b). The court refuses to now say it was an unreasonable or excessive delay in service of process when plaintiff filed the return of service prior to the expiration of the court-granted extension. Therefore, return of service was timely filed, and the claim is not time-barred by statute of limitations.

4

### III.    Conclusion

In consideration of the foregoing, the defendant's motion to dismiss is denied.

The entry shall be:

Defendant's motion to dismiss is DENIED.


SO ORDERED.

DATE: October ___6___, 2016

_____
Hon. John O'Neil, Jr.
Justice, Superior Court