STATE OF MAINE                                  SUPERIOR COURT
ANDROSCOGGIN, ss                                CIVIL ACTION
                                                DOCKET NO. CV-20-121

DANA TURNER,                      )
                                  )
            *Plaintiff,*          )
                                  )
v.                                )              **Order On Motion To Dismiss**
                                  )
MEGHAN BATES,                     )
                                  )
            *Defendant.*          )

This matter comes before the court on Defendant's motion to dismiss the complaint as barred by the statute of limitations. For the reasons set forth below, the court denies the motion.

On a motion to dismiss, the court considers only the facts alleged in the complaint, examining the complaint in the light most favorable to the plaintiff to determine whether it alleges facts entitling him to relief. *Packgen, Inc. v. Bernstein*, 2019 ME 90, ¶ 16, 209 A.3d 116, 121. In a motion raising the affirmative defense of the applicable statute of limitations, dismissal will be granted only if it is clear on the face of the complaint that the claim is barred. *Id.* at ¶ 17, 209 A. 2d at 121.

These facts are taken from the complaint together with the court's docket record.

Plaintiff was injured in a car crash on October 7, 2014. He filed a complaint in this court on October 7, 2000 which named Ricky Bates as the sole Defendant, alleging he was involved in the crash and had a duty to operate his vehicle safely. Ricky Bates was never served with the complaint against him. Instead, Plaintiff served Meghan Bates[1] with an Amended Complaint on January 5, 2021 in which she was named as the sole defendant, essentially substituting her for

---

[1] The documents are a little confusing because Meghan Bates was actually served by leaving the Amended Complaint with Ricky Bates.

1

Ricky Bates as the defendant. The date of service on Ms. Bates is more than six years from the date of the crash. The return of service on Ms. Bates was filed with this court on January 19, 2021 and the Amended Complaint was filed on January 21, 2020.

The statute of limitations applicable to this action is six years. 14 M.R.S. § 752. The complaint naming Ricky Bates was filed on the last possible date and was timely as to Ricky Bates. The Amended Complaint, naming Meghan Bates, was filed more than six years after the cause of action accrued. Therefore, the Amended Complaint is barred by the statute of limitations unless the amendment relates back to the date of filing of the original complaint.

Plaintiff was entitled to amend his complaint without leave of court because no responsive pleading had been served. M.R. Civ. P. 15(a). When the amendment changes the party against whom the claim is asserted, relation back is governed by Rule 15(c) which states as follows:

> An amendment of a pleading relates back to the date of the original pleading when
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, *or*
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, *or*
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the condition of paragraph (2) of this subdivision is satisfied *and*, within the period provided by Rule 3 for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, *and* (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

M.R. Civ. P. 15(c) (emphasis added). The issue in this case arises under Rule 15(c). Thus, the Amended Complaint will relate back if three conditions are met: first, that the claim asserted in the amended pleading arose out of the same occurrence set forth in the original pleading; second,

2

that within 90 days of October 7, 2020 Meghan Bates received notice of the action such that she will not be prejudiced in defending; and third, that Meghan Bates knew or should have known that but for a mistake, the action would have been brought against her.

There is no question that the first condition is met: both complaints refer to the same car crash and arise from the same occurrence. As to the second condition, the period provided by Rule 3 for service of the summons and complaint is 90 days. There is no question that Ms. Bates was served with the summons and complaint on January 5, 2021 which is the 90th day following October 7, 2020. As to the third condition, Ms. Bates knew, or certainly should have known, that it was she and not Mr. Bates who was driving at the time of the crash.

Although Federal Rule 15(c) has some differences in wording, those differences are not substantive. In a case involving similar facts, the First Circuit held that the amended complaint changing the named Defendant in a car crash case related back to the original filing. *Leonard v. Parry*, 219 F.3d 25, 28 (1st Cir. 2000). Specifically, Leonard had sued the owner of car, and served the owner within the statute of limitations. Before the statute of limitations expired, defense counsel brought to Leonard's attention that he did not name the driver. Nonetheless, Leonard did not name the driver and serve her with the amended complaint until after the statute of limitations expired, although within the then-required service period of 120 days (as opposed to Maine's 90 days). *Id.*

In discussing whether the third condition was met, the First Circuit could have been discussing this case:

> In this instance, it is plain from the face of the original complaint -- which erroneously stated that Boulanger was driving at the time of the accident -- that Leonard made a mistake concerning the identity of the proper party defendant. *See generally Webster's Ninth New Collegiate Dictionary* 760 (1983) (defining "mistake" as "a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention"). By like token, this blunder alone

3

explained Leonard's failure to sue Parry in the first place. Thus, Parry -- who knew to a certainty that she, not Boulanger, had been operating the Jeep when the accident occurred -- knew or should have known from the moment she was served with the amended complaint that the action originally would have been brought against her but for the mistake about who was driving. Consequently, all the requirements of Rule 15(c)(3) were satisfied, the amendment related back to the date of the original filing, and Parry's limitations defense should have been rejected.

*Id.* The issue is summed up neatly in the preeminent treatise on federal practice:

Accordingly, an amended complaint naming a new or changed defendant does relate back if the new defendant is served within the 90-day period from the filing of the original complaint, the new defendant has received notice of the action, and the new defendant has actual or constructive knowledge that it would have been named in the original complaint, but for a mistake concerning the party's identity.

3 *Moore's Federal Practice - Civil* § 15.19 (2020). Therefore, the Amended Complaint and the claim against Meghan Bates relate back to October 7, 2020, the date of filing of the complaint.

Defendant argues that the Amended Complaint cannot relate back to October 7, 2020 because neither the Amended Complaint nor the return of service were *filed* for more than 90 days after October 7. While that is an issue under M.R. Civ. P. 3, the dates of filing of the amended complaint and of the return of service are not elements under Rule 15(c). Rather, the issue for purposes of Rule 15(c) is whether Ms. Bates was served and thereby received notice within 90 days of October 7, 20120, and she did.

Defendant is correct, however, that Rule 3 also requires the return of service to be filed within 90 days of the complaint when, as here, the claim is commenced by filing the complaint. The rule goes on to state that if "the complaint or the return of service is not timely filed, the action *may* be dismissed". M.R. Civ. P. 3 (emphasis added). In this case, Ms. Bates was timely served, but the return of service was filed 14 days after service, or 104 days after the original complaint was filed. A 14-day delay in the filing is not presumptively excessive or unreasonable. There is also no showing of any actual prejudice from the 14-day delay in filing

4

the return of service with the court. *Jackson v. Borkowski*, 627 A.2d 1010, 1013 (Me. 1993). In *Jackson,* the Law Court held that the trial court abused its discretion in dismissing a complaint for failure to comply with Rule 3 when the defendant was served 92 days after complaint filed and the return of service was not filed for about 47 days more. 627 A.2d 1010, 1013 (Me. 1993). Given that the actual service was within 90 days, and the delay in filing the return far shorter than in *Jackson,* this court will not dismiss the complaint.

For the foregoing reasons, the motion to dismiss is denied. This order may be incorporated on the docket of the case by reference pursuant to Me. R. Civ. P. 79(a).

Dated: 2/26/2021

Valerie Stanfill
Justice, Maine Superior Court