STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO CV-2024-266

SANDRA K. GODDARD,
    Plaintiff )
)
)
v. )
)
BENJAMIN P. CAMPO, ESQUIRE )
DAVID J. MARCHESE, ESQUIRE )

PROCEDURAL ORDER AS TO
SERVICE, RULE 3 DISMISSAL
ORDER AND ORDER DENYING
REQUEST FOR DEFAULT

REC'D CUMB CLERKS OFF
OCT 21 '24 PM 3:15

Plaintiff Sandra K. Goddard filed her complaint on June 24, 2024 against Defendants, Benjamin Campo, Esquire and David Marchese, Esquire alleging, in summary form, a number of causes of action. Additionally, Plaintiff filed an application for leave to proceed without payment of filing fee on that same date, which was granted on July 9, 2024. On September 20, 2024, Plaintiff filed an original sealed Summons for David J. Marchese, Esquire. Benjamin J. Campo, Esquire's name was scratched out on the header.) On page 2 of said summons, return of service was documented by Dawn George dated July 22, 2024, without further explanation.

On September 25, 2024 Plaintiff filed an Affidavit and Request for Default and Default Judgement in the amount of $300,000.00. In addition to the request for default, Plaintiff filed a written submission to the court which stated "This is an amendment to complaint filed in Superior Court June 24, 2023 with the above docket number." On October 9, 2024 Plaintiff filed a copy of a letter purportedly sent to Defendant Marchese entitled "Failure to

Respond" dated September 21, 2024 along with copies of certified mail receipts and envelops attached to the copy. On October 10, 2024, Plaintiff filed a second letter purportedly sent to Defendant Marchese entitled "Failure to Respond" dated October 9, 2024 this time with no attachments.

The court received a letter from Andrew W. Sparks, Esquire on behalf of Defendant Marchese referencing (with attached copy) Plaintiff's September 21, 2024 letter. Attorney Sparks also informed the court that Defendant Marchese had not been served in this matter pursuant to the Maine Civil Rules of Procedure.

## Service

Service of a summons and complaint of a civil action must be made in accordance with the Maine Rules of Civil Procedure. Rule 4 states as follows:

(c) Service. Service of the summons, complaint, and notice regarding Electronic Service may be made as follows:

(1) By mailing a copy of the summons, complaint, and notice regarding Electronic Service (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment form and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this paragraph is received by the sender within 20 days after the date of mailing, service of the summons, complaint, and notice regarding Electronic Service shall be made under paragraph (2) or (3) of this subdivision.

(2) By a sheriff or a deputy within the sheriff's county, or other person authorized by law, or by some person specially appointed by the court for that purpose. Special appointments to serve

process shall be made freely when substantial savings in travel fees will result.

(3) By any other method permitted or required by this rule or by statute.

M.R.Civ.P. 4(c)

The proof of service as filed by Plaintiff on September 20, 2024 does not demonstrate proper service on Defendant Marchese. Further, no proof of service has been filed as to Defendant Campo.

## Rule 3 Dismissal

Plaintiff filed her complaint on June 24, 2024. Rule 3 requires that when an action is commenced by the filing of a complaint, return of service must be filed with the Court within 90 days after filing the complaint. M.R. Civ. P. 3(b). Return of service in this case should have been filed by September 22, 2024. To date, no proper return of service has been filed as to either Defendant.

According to M.R. Civ. P. 3, "if the return of service is not timely filed, the complaint *may* be dismissed on motion and notice…" In exercising its discretion in deciding whether to dismiss a complaint for this reason, a court must consider all relevant facts, including the important factor of the amount of delay. *Jackson v. Borkowski*, 627 A.2d 1010, 1012 (me. 1993). Additionally, whether the complaint is frivolous could be part of the court's determination as well. *See Qualey v Secretary of State*, 628 A.2d 1035, 1036 (Me. 1993).

"Failure to serve a defendant in a timely manner may prevent a court from having personal jurisdiction over that defendant." *Town of Ogunquit v. Dept. of Public Safety,* 2001 ME 47, ¶ 10, 767 A.2d 291, 294 (citation omitted). The purpose of timely service is to assure the court that a party has "adequate notice and will not be prejudiced by having to defend a stale claim." *Id.* at ¶ 11 (citing *Jackson v. Borkowski,* 627 A.2d 1010, 1012-13 (Me. 1993)).

Plaintiff must either provide the court with adequate proof of service at to both Defendants or move to enlarge the time to file in accordance with the Rules within 21 days or the case will be dismissed.

### Request for Default and/or Default Judgment

For the reasons more fully detailed above, Plaintiff's request for Default Judgment is DENIED. Service has not yet been made on Defendant Campo or Defendant Marchese.

The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: October 21, 2024

Deborah P. Cashman
Justice, Maine Superior Court

Entered on the Docket: 10/23/2024

Plaintiff-Sandra K Goddard Pro Se
Defendant Marchese - Andrew Sparks, Esq.
Defendant Campo - has not appeared