**Charles QUALEY**

v.

**SECRETARY OF STATE.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 1, 1993.
Decided July 26, 1993.

Nathan Greenberg, Boston, MA, Patrick Hunt, Island Falls, for plaintiff.

Donald W. Macomber, Asst. Atty. Gen., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

PER CURIAM.

The plaintiff, Charles Qualey, appeals from a judgment of the Superior Court (Kennebec County, *Alexander, J.*) dismissing his complaint for failure to serve process, and awarding costs against his counsel for initiating a frivolous action. Finding no error in the court's dismissal of the action, or in the award of costs, we affirm the judgment.

In March 1989, Qualey, whose driver's license had previously been suspended for speeding violations, was convicted of three violations of operating after suspension pursuant to 29 M.R.S.A. § 2184 (Pamph. 1992). As a result, the Secretary of State revoked his right to operate a motor vehicle and declared him to be a habitual offender pursuant to 29 M.R.S.A. § 2292. In November 1990, Qualey was indicted for operating a motor vehicle after revocation in violation of 29 M.R.S.A. § 2298 and, in May 1992, he pleaded guilty to that charge. In the period between the indictment and the guilty plea, Qualey requested that the Secretary of State relieve him of his habitual offender status. The Secretary responded that he was without authority to remove Qualey's habitual offender status because 29 M.R.S.A. § 2296 provides that "[t]he Secretary of State shall not issue the privilege to operate a motor vehicle in this State to any person whose license or privilege to operate has been revoked if a charge against that person under section 2298 is pending."

Qualey then filed a complaint in Superior Court seeking to enjoin the Secretary to give Qualey an immediate driver's license examination. Following a hearing, the court granted the Secretary's motion to dismiss Qualey's complaint. The court held that Qualey had failed to comply with the rules regarding service of process and that the matter was "absolutely frivolous ... in light of the ... terrible habitual offender record that's before the court." The court dismissed the complaint with prejudice and ordered Qualey's counsel to pay the State five hundred dollars "as their cost for defending this action ... and five hundred dollars court costs for bringing

this frivolous action." Qualey's appeal followed.

 Rule 3 of the Maine Rules of Civil Procedure provides in pertinent part that: [A] civil action is commenced (1) by the service of a summons and complaint, or (2) by filing a complaint with the court.... When method (2) is used, the return of service shall be filed with the court within 90 days after the filing of the complaint. If the complaint or the return of service is not timely filed, the action may be dismissed on motion and notice....

Qualey filed a complaint with the court on March 23, 1992, but never served it on the Secretary of State and thus could not have filed the return of service required by Rule 3. Qualey's argument that the court should have relieved him from service and filing because the Secretary had obtained a copy of the complaint from a newspaper reporter lacks merit. In the absence of any credible claim by the plaintiff that the failure to serve and file process "was by reason of mistake or excusable neglect ... we find no error in the dismissal of the complaint." *Fries v. Carpenter*, 567 A.2d 437, 439 (Me.1989).

 Nor do we find any merit in the argument that the court improperly assessed sanctions against plaintiff's counsel. M.R.Civ.P. 3 provides that if an action is dismissed because of failure to return service, "the court may, in its discretion, if it shall be of the opinion that the action was vexatiously commenced, tax a reasonable attorney's fee as costs in favor of the defendant, to be recovered of the plaintiff or the plaintiff's attorney." Because of the obvious lack of merit in this claim [1] and the failure to comply with the service and filing requirements of Rule 3, the court did not abuse its discretion in awarding costs to the State.

 We conclude that this appeal is frivolous and award an additional $500 as costs to the Secretary of State, pursuant to M.R.Civ.P. 76(f).[2]

The entry is:

Judgment affirmed. The plaintiff's counsel is ordered to pay costs of $500 to the Secretary of State.

All concurring.

---

1. 29 M.R.S.A. § 2296 provides that no license to operate a motor vehicle may be issued to a person who has been convicted of operating a motor vehicle after revocation in violation of section 2298 for a period of at least one year following the conviction. At the time Qualey's action was heard by the Superior Court, he had pleaded guilty to operating a motor vehicle after revocation, and thus the one year exclusion required by section 2296 was still in effect.

2. M.R.Civ.P. 76(f) provides that "if the Law Court determines that an appeal ... is frivolous ... it may award to the opposing parties or their counsel treble costs and reasonable expenses, including attorney's fees, caused by such action."