1998 ME 3

**Michaele PALLESCHI**

v.

**Donald PALLESCHI.**

Supreme Judicial Court of Maine.

Argued Nov. 13, 1997.

Decided Jan. 2, 1998.

John P. Foster (orally), Eastport, Rebecca A. Irving, Machias, for plaintiff.

John S. Bobrowiecki, Jr. (orally), Farris, Susi, Heselton & Ladd, P.A., Gardiner, Dennis L. Mahar, Fletcher & Mahar, Calais, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

RUDMAN, Justice.

[¶ 1] Donald Palleschi ("Donald") appeals from the judgment entered in the Superior Court (Washington County, *Alexander, J.*) in favor of Michaele Palleschi ("Michaele") awarding her $200,000 in compensatory damages and $50,000 in punitive damages on her claims of intentional and negligent infliction of emotional distress and assault.[1] On appeal, Donald argues that the trial court erred by: (i) not imposing the preliminary burden on Michaele to prove the impossibility of apportionment of her damages; (ii) considering evidence of abuse prior to the applicable

---

1. Donald has not challenged the availability of a negligent infliction of emotional distress claim between former spouses, and we therefore do not address that issue.

statutory limitations period; (iii) not granting his motion for a new trial based on the insufficiency of the evidence; and (iv) not granting his motion for remittitur based on the lack of evidence to support the damages awarded. We disagree and affirm the judgment.

[¶ 2] Michaele and Donald were married in July, 1983, separated in May, 1994, and divorced in April, 1996. Donald had a severe alcohol and drug abuse problem during the period of the marriage. He subjected his wife to threats, degradation, dominance, sexual and emotional exploitation, force, and physical assaults. The most severe physical and sexual abuse of Michaele by Donald occurred prior to January 27, 1989—abuse which caused emotional and physical injuries to Michaele.[2] The trial court found that Donald's abuse of Michaele after this date aggravated these injuries and that Michaele now suffers from post traumatic stress disorder, a conclusion supported by expert testimony. This appeal followed.

## I.

[¶ 3] Our decision in *Lovely v. Allstate Ins. Co.*, 658 A.2d 1091 (Me.1995), makes clear the policy choice that, as between an innocent victim and a tortfeasor, the law burdens the wrongdoer with the difficulties of apportionment. This policy choice is inherent in the single injury rule[3] as applied to pre-existing injuries in *Lovely*—an actor cannot limit his liability because the injured party cannot meet a burden of proof as to apportionment. Barring recovery by the injured party absent this showing defeats this policy. The actor takes his victim as he finds him. It is thus "logical to place the burden on defendant to establish that portion of plaintiff's present condition for which he is not responsible." *Brittis v. Freemon*, 34 Colo.App. 348, 527 P.2d 1175,

1178 (1974); *see also Lovely*, 658 A.2d at 1094 (*Lipez, J.* concurring) ("That burden [on the defendant to prove apportionment] is inherent in the defendant's claim that there should be apportionment.").

## II.

[¶ 4] Contrary to Donald's contention, the trial court did not exceed the bounds of its discretion in admitting evidence of abuse that occurred prior to the statutory limitations period. The evidence was properly admitted for the limited purpose of establishing Michaele's reasonable fear of continued violence within the statutory limitations period—fear which the court found accounted for her post-traumatic stress disorder. *See Caron v. Caron*, 577 A.2d 1178, 1180 (Me.1990).

[¶ 5] Nor did the trial court exceed the bounds of its discretion in refusing Donald's motion for a new trial. The record contains testimony that Donald inflicted physical harm upon Michaele. The assessment of the credibility of this testimony falls squarely within the province of the factfinder. *See State v. Glover*, 594 A.2d 1086, 1088 (Me.1991).

[¶ 6] Finally, we also find that the compensatory and punitive damages awarded to Michaele are supported by competent evidence in the record. Although a damage award must be supported by some evidence in the record, the damages need not be proved to a mathematical certainty. *Bradford v. Dumond*, 675 A.2d 957, 962 (Me.1996). Proof of financial loss need not be proffered for a court to award compensatory damages for the intentional infliction of emotional distress. *Vogt v. Churchill*, 679 A.2d 522, 524 (Me.1996). Punitive damages are available if the plaintiff can establish by clear and convincing evidence that the defendant's conduct was motivated by actual ill will or was so

---

2. This action was commenced on January 27, 1995. The statute of limitations period for an assault claim is two years and the statute of limitations period for an intentional or negligent infliction of emotional distress claim is six years. Thus, the relate back dates for the events comprising the assault and emotional distress claims are January 27, 1993, and January 27, 1989, respectively. *See* 14 M.R.S.A. § 753–754 (1980).

3. The single injury rule can be summarized as follows: when joint tortfeasors by their separate negligent acts cause a single injury that is incapable of apportionment, each actor is liable for the entire amount of the damages. *See Paine v. Spottiswoode*, 612 A.2d 235, 240 (Me.1992).

outrageous that malice is implied. *Fine Line, Inc. v. Blake,* 677 A.2d 1061, 1065 (Me.1996). The record supports the court's award of both compensatory and punitive damages.

The entry is:

Judgment affirmed.

