STATE OF MAINE

CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-519

Wallace Brown,
          Plaintiff

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

AUG 3 1 2004

RECEIVED

v.

ORDER

Jeffrey A. Thaler, Esq.,
Bernstein, Shur, Sawyer & Nelson, P.A., and
Berman & Simmons, P.A.,
          Defendants

SEP 24 2004

This case comes before the court on Plaintiff Wallace Brown's Motion for Judicial Notice and Reconsideration, and Defendant Berman & Simmons' Motion to Dismiss, and Defendants Jeffrey A. Thaler and Bernstein, Shur, Sawyer & Nelson's Motion to Dismiss.

## FACTS

Plaintiff Wallace Brown was a commercial fisherman who owned three fishing vessels damaged on Sept. 27, 1996, when the tanker JULIE N spilled oil in Portland Harbor. Plaintiff contends his vessels were cleaned incorrectly following the spill, damaging them, and causing one of them, the FAIRHAVEN, to sink. Plaintiff retained Defendant Attorney Jeffrey A. Thaler, of Defendant Berman & Simmons, P.A., on a contingency fee basis to represent him in claims relating to the oil spill.

On November 1, 1996, Thaler declined to appear on Plaintiff's behalf when Plaintiff appeared before the Portland Board of Harbor Commissioners,

1

where he signed affidavits concerning his damages. On April 1, 1997, Thaler also declined to attend an emergency meeting with Plaintiff before the Board following the sinking of the FAIRHAVEN. Thaler also declined to assist Plaintiff in negotiations with Plaintiff's bank to consolidate and refinance, after Plaintiff defaulted on commercial loans following the damage to his fishing vessels. Thaler also failed to file a claim on Plaintiff's behalf before a September 27, 1997, deadline for filing under Maine's Coastal and Inland Surface Oil Clean-up Fund.[1] In June 1997, Attorney Thaler left Berman & Simmons to work for Bernstein, Shur, Sawyer & Nelson, P.A. (BSSN).

On January 20, 1998, Plaintiff filed for Chapter 13 Bankruptcy, engaging new counsel. Plaintiff did not include potential recoveries from any Defendants on his list of assets in his bankruptcy petition, and listed BSSN and Thaler as potential creditors with claims against his estate.[2] On September 27, 2001, Plaintiff's remaining two fishing vessels were sold, along with their commercial fishing permits, at public auction.

Plaintiff filed his Complaint on September 24, 2003, alleging Attorney Thaler's malpractice, negligence, and misrepresentation, and the vicarious liability of his employers, Berman & Simmons, and later, BSSN. On November 24 and 25, 2003, Plaintiff served the Defendants by certified mail. All three certified mail return receipts were signed, returned, and filed with the court. However, none of the Defendants acknowledged service. On December 19, 2003,

---

[1] In 2001-2002, Plaintiff appears to have recovered a $25,6000 interim award, $ 86,561 for loss of profits and earning capacity, and $82,520.08 for property damage from National Pollution Funds Center. His attorney in this matter was Richard P. Olsen, Esq. who was also his bankruptcy attorney.

[2] Plaintiff's bankruptcy was voluntarily dismissed on July 24, 2001. He received no discharge, and no bankruptcy estate was created.

Plaintiff requested, and the Superior Court Clerk's office entered a default judgment in his favor against all Defendants. On December 23, 2003, the Superior Court (Warren, J.) vacated the default judgments as error, and ordered Plaintiff to effect service under M.R. Civ. P. 4(c)(2) or (3). To date, none of the Defendants has been served by Plaintiff or has waived such service.

On July 6, 2004, Defendants Thaler, and BSSN filed a Motion to Dismiss, asserting (1) insufficiency of service; (2) that claims were barred by the statute of limitations; (3) that Plaintiff was not damaged; and (4) preclusion under theories of res judicata and judicial estoppel.

On July 6, 2004, Defendant Berman & Simmons filed a separate Motion to Dismiss asserting insufficiency of service and that claims were barred by the statute of limitations. Berman & Simmons also adopted by reference the additional arguments of BSSN.

On July 19, 2004, Plaintiff filed a Motion to Reconsider the December 22, 2003, order vacating Plaintiff's default judgments. Plaintiff asserts that Defendants were properly served by certified mail under rule M.R. Civ. P. 4(c)(3) ("other method permitted or required by this rule or by statute") and had not been served by first class mail, under M.R. Civ. P. 4 (c)(1). Plaintiff requests that the court take judicial notice under M.R. of Evid. 201(b) of various documents, including advisory notes to Maine Rules of Civil Procedure, the Maine Constitution, and Postal Service procedures.

## I.    Plaintiff's Motion for Judicial Notice

Judicial notice may be requested under Maine rules of Evidence 201 as a means for the court to "inform[] itself, during the course of litigation other than by formal evidentiary proof." Field & Murray, *Maine Evidence* § 201.1 (1987 ed.)

3

Facts may be judicially noticed when they are not subject to reasonable dispute because they are generally known within the territorial jurisdiction of the trial court or are readily capable of accurate determination.[3] Id. § 201.2. However, the rule "has nothing to do with judicial notice of the law. The courts judicially notice the public statutes of the State of Maine and its common [or case] law." Id. at § 201.1. The rule likewise does not apply to decisions regarding what law governs an action before the court. Id. Plaintiff's Motion requesting judicial notice of Maine statutes, cases, Restatements adopted in Maine case law, and the Maine constitution is therefore denied.

## II.     Plaintiff's Motion to Reconsider

Under Maine rules of Civil Procedure, a motion to reconsider an order "shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). "The court may in its discretion deny a motion for reconsideration without hearing and before opposition is filed." Id. The Advisory Committee on Maine rules explains that Rule 7(b)(5) was added to "make[] clear that such motions are not to be encouraged. Too frequently, disappointed litigants bring motions to reconsider not to alert the court to an error . . . but solely to reargue points that were or could not have been presented to the court on the underlying matter." M.R. Civ. P. 7(b)(5) advisory committee's note to 2000 amend. Me. Rptr., 746-754 A.2d XXVIII.

---

[3] For example, the Law Court found a foreign currency exchange rate to be a proper subject of judicial notice. Royatex Ltd. V. Daughan, 551 A.2d 454, 455 (Me. 1988). Although judicial notice might properly be taken of standard postal procedures, this court's ruling on Plaintiff's Motion to Reconsider makes it unnecessary to address such procedures.

Here Plaintiff maintains the court was in error in its December 23, 2003, order vacating Plaintiff's default judgments and ordering Plaintiff to properly serve Defendants under Rule 4(c)(2), (by sheriff), or 4(c)(3), ("by other method permitted or required by Rule 4 or by statute"). Plaintiff maintains his initial service was made correctly, and initially under Rule 4(c)(3). Plaintiff maintains service by certified mail is a method permitted by Rule 4(c)(3) and by statute for service on these Defendants and that he deliberately by-passed service by ordinary mail under Rule (c)(1).[4]

Plaintiff fails to explain his almost seven-month delay in filing his Motion to Reconsider. More importantly, he does not explain how his present argument for error is one "that could not previously have been presented" under the clear mandate of rule 7(b)(5). Instead, Plaintiff seeks simply to reargue the issue, or argue it anew, using theories that could have, but were not asserted at the time the order was made. Plaintiff's Motion to Reconsider is denied.

---

[4] The Advisory Committee contemplated such a by-pass: "Plaintiff may, however, chose at the onset to bypass Rule 4(c)(1) and make service initially by a method specifically provided by rule or statute for the type of defendant in question, which may be personal service or another method such as registered or certified mail. If service is attempted under Rule 4(c)(1) but fails for lack of acknowledgement, plaintiff must resort to either personal service or another method as appropriate in order to obtain jurisdiction." M.R. Civ. P. 4(c) advisory committee's note to 1992 amend., Me. Rptr., 602-617 A.2d XCI. Plaintiff's statutory basis for serving Defendants Berman & Simmons and BSSN by certified mail is Maine's Business Corporation Act § 502, which names a corporation's clerk as agent for receipt of service, and permits service by certified mail, return receipt requested, in the absence of a clerk. The statute expressly provides that such service is not "the only means or necessarily the required means of serving a corporation." 13-C § 502 (3) (Supp. 2003). Plaintiff does not provide a rule or a statutory basis for service on Defendant Thaler by certified mail. Instead, Plaintiff cites general principals of fairness, reasonable notice and due process to maintain that the certified mail with return receipts constitute sufficient service.

## III. Defendants Berman & Simmons, Thaler and Bernstein, Shur, Sawyer & Nelson's Motions to Dismiss.

Defendants move to dismiss on four grounds: (1) insufficiency of process and of service of process under M.R. Civ. P. 12(b)(4), (5); (2) failure to state a claim for which relief may be granted under M.R. Civ. P. 12(b)(6) on grounds the action is barred by the statute of limitations; (3) lack of damage; and (4) judicial estoppel and res judicata.

A Motion to Dismiss is examined in a light most favorable to the plaintiff to determine whether plaintiff's complaint "sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." Moody v. State Liquor & Lottery Com'n, 2004 ME 20, ¶ 7, 843 A.2d 43, 46 (citation omitted). When deciding a motion to dismiss for failure to state a claim upon which relief may be granted, "the material allegations of the complaint must be taken as admitted." Id. at 47 (citation omitted).

"Unless the court in its order for dismissal otherwise specifies, a dismissal . . . other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." M.R. Civ. P. 41 (b)(3)(2003). The Law Court has held that insufficiency of service under rule 12 (b)(5) is an issue of personal jurisdiction included in the exception for "lack of jurisdiction" to Rule 41 (b)(3), and is not a dismissal with prejudice. Fries v. Carpenter, 567 A.2d 437, 439 (Me. 1989).

### A. Insufficiency of Service

"Failure to serve a defendant in a timely manner may prevent a court from having personal jurisdiction over that defendant." Town of Ogunquit v. Dept. of Public Safety, 2001 ME 47, ¶ 10, 767 A.2d 291, 294 (citation omitted). The

purpose of timely service is to assure the court that a party has "adequate notice and will not be prejudiced by having to defend a stale claim." Id. at ¶ 11 (citing Jackson v. Borkowski, 627 A.2d 1010, 1012-13 (Me. 1993)). The Law Court holds that "excessive or unreasonable delay in service may be a ground for dismissal unless shown to be the result of mistake or excusable neglect." Dalot v. Smith, 551 A.2d 448, 449 (Me. 1988). Maine rule 6(b) allows the court, when finding "excusable neglect" to enlarge the time within which an act is required or allowed to be done upon motion if the time to act has expired. M.R. Civ. P. 6(b)(2). Here, Plaintiff has filed no motion to enlarge time, nor has Plaintiff alleged excusable neglect. The period for acting under the December 23, 2003 order "pursuant to Rules 4(c)(2) or 4(c)(3)" although not specified in the court's order, extends under Rule 3, at most, to ninety days beyond December 23, 2003. This court is authorized to dismiss Plaintiff's complaint for insufficiency of service, and therefore, failure to properly assert personal jurisdiction over the defendants. Qualey v. Sect'y of State, 628 A.2d 1035, 1037 (Me. 1993).

**B. Statute of Limitations**

Here Plaintiff is alleging malpractice, negligence and negligent misrepresentation against Attorney Thaler, and also against both his employers, Berman & Simmons and BSSN, under a theory of vicarious liability.

Except as otherwise provided by statute, all civil actions in Maine "shall be commenced within 6 years after the cause of action accrues and not afterwards." 14 M.R.S.A. § 752 (2003). With exceptions not applicable here, actions against attorneys for negligence or malpractice must be brought within six years, under the general rule for civil actions. 14 M.R.S.A. § 752 (2003). By law, the statute of limitations in such actions "starts to run from the date of the

act or omission giving rise to the injury, not from the discovery of the malpractice, negligence or breach of contract, except as provided in this section or as the statute of limitations may be suspended by other laws."[5] 14 M.R.S.A. § 753-B (1)(2003). The Law Court holds that accrual of a cause of action begins at "the point at which a wrongful act produces an injury for which a potential plaintiff is entitled to seek judicial vindication." Williams v. Ford Motor Co., 342 A.2d 712, 714 (Me. 1975). Simply, the "test is when plaintiff . . . was first entitled to sue."

Here, there is no time within the six-year statute of limitations on Plaintiff's action when Defendant Thaler acted or failed to act while employed by Berman & Simmons. Dismissal is granted with prejudice with respect to Berman & Simmons, on this ground.

However, Plaintiff's harm was allegedly caused a series of acts or omissions on the part of the Defendant Thaler while employed at BSSN, some falling within, and some falling outside, the applicable statute of limitations. In such cases, the Law Court has found the defendant, not the plaintiff, has the burden of establishing those injuries for which the defendant is not responsible. Palleschi v. Palleschi, 1998 ME 3, ¶ 3, 704 A.2d 383, 385 (citing Lovely v. Allstate Ins. Co., 658 A.2d 1091 (Me. 1995)). Defendants Thaler and BSSN's Motion to Dismiss cannot therefore, rely on this ground.

The court does not reach Defendants arguments under theories of lack of damage, judicial estoppel, or res judicata at this time.

---

**WHEREFORE** this court **DENIES** Plaintiff's Motion for Judicial Notice and Motion to Reconsider, and **GRANTS** Defendant Berman & Simmons' Motion to Dismiss with prejudice, pursuant to 14 M.R.S.A. § 752. This court **GRANTS** without prejudice Defendants Jeffrey Thaler and Bernstein, Shur, Sawyer & Nelson's Motion to Dismiss, on grounds of insufficient service pursuant to M. R. Civ. P. 12 (b)(5).

Date____August 31, 2004____

Roland A. Cole
Justice, Superior Court

Cumberland County
P.O. Box 287
Portland, Maine 04112-0287

CHRISTOPHER TAINTOR ESQ
PO BOX 4600
PORTLAND ME 04112

CLERK OF COURTS
Cumberland County
P.O. Box 287
Portland, Maine 04112-0287

WALLACE BROWN
10 HARDY ROAD
FALMOUTH ME 04105