STATE OF MAINE                                      SUPERIOR COURT
PENOBSCOT, SS                                       CIVIL ACTION
                                                    DOCKET NO. BANSC -CV-20-17

GLEN PLOURDE,                          )
        Plaintiff,                     )
                                       )
v.                                     )
                                       )
                                       )
NORTHERN LIGHT ACADIA HOEPITAL, )                   ORDER
CHARMAINE PATEL, ANTHONY NG    )
WARREN BLACK, JENNIFER          )
SALISBURY, MARY MYSHRALL        )
UNKNOWN MAINE STATE CRISIS      )
TEAM MEMBERS #1-#5              )
        Defendants.             )

In this order the Court addresses the motions to dismiss filed by all defendants.

Additionally, throughout this litigation the plaintiff has filed notices, memoranda, declarations,

applications, and letters, some of which have been addressed by the Court and some not. In this

order, the Court will attempt to address all filings that require a decision.


BACKGROUND

In his amended complaint, filed February 27, 2020, amending his original complaint,

filed on February 10, 2020, Mr. Plourde alleges a variety of claims against these defendants

stemming from what appears to have been a period of involuntary commitment. In the early

going following the filing of the complaint, he had difficulty in determining the identity of all of

the individuals he wanted to sue and requested an extension of the ninety days in which he was

required to accomplish service. The Court granted the extension on March 30, 2000, giving him

an additional 30 days. Continuing to experience difficulty, Mr. Plourde filed another motion for

1

extension of time, as well as a motion for court ordered disclosure of defendants. The Court denied the extension and thought it had denied the latter (they were filed together), but the record does not indicate that the motion requesting disclosure was denied as well. To clarify, the motion is denied because it is not the role of the court to help a plaintiff identify all possible defendants.

Next, Mr. Plourde provided notice to the Court of service by mail of each defendant on June 8, 2020. This attempted service consisted of a letter sent by first class mail indicating that the letter constituted "formal service of Claim… pursuant to the Maine Health Security Act." During this period he also filed a motion for the Court to reconsider its prior denial of his request to have the filing fee waived, and a separate application to the panel chair for waiver of the filing fee Apparently this motion to reconsider was not decided at the time, but is now denied and the application has never been forwarded to the panel chair because of a lack of clarity in whether what Mr. Plourde filed constituted a notice which initiated panel proceedings. The motion to reconsider is denied because Mr. Plourde is supported by his mother and obviously has the ability to pay the filing fee. Because there had been no service as the deadline for service approached, on June 18, 2010 the Court, *sua sponte,* ordered that Mr. Plourde had to file proof of service within 10 days of the docketing of the order or the action may be dismissed, which had the effect of giving Mr. Plourde an additional short extension.

On June 22, 2020, Mr. Plourde filed a motion for amendment of process in which he asked the Court to declare his service by mail to be deemed adequate, a motion for service by the Court, and a motion for an extension of time to provide proof of service. He filed the latter motion because he was aware that his initial attempt at service may have been ineffectual. By this time attorney Gould had entered a limited appearance to challenge personal jurisdiction on

2

behalf of all defendants except Ms. Myshrall[1]. They opposed the motions, which were set for hearing and have not been decided. Mr. Plourde then attempted to serve the defendants, again by mail but this time. He sent a copy on the summons and complaint, return receipt requested, indicating a service date of June 24, 2000. With his notice of service, he also filed another motion for amendment of process and/or proof of service thereof asking the Court to validate the process he used to accomplish service. No defendant accepted service by acknowledging receipt of the summons and complaint. These defendants filed their opposition to all pending motions as well as motions to dismiss the complaint on June 29, 2020. Apparently still unsure of whether or not he had accomplished proper service, Mr. Plourde had a deputy sheriff serve all defendants by delivering a summons and complaint for each defendant to an attorney for Northern Light Acadia on July 29, 2020. Because no defendant filed an answer to the complaint, Mr. Plourde requested a default and default judgment against all defendants on September 2, 2020.

ANALYSIS

1. Motions Other Than the Motions to Dismiss

The motions to amend process are denied because, in essence, the plaintiff is asking the Court to abrogate the Maine Rules of Civil Procedure by declaring that invalid service of process is valid. Whether the pleading that Mr. Plourde captioned as a complaint is viewed as a complaint or a professional negligence notice under 24 M.R.S. § 2853, the service provisions of M.R. Civ. P 4 apply. This requires a mailing of the summons, complaint, and acknowledgment to the person being served and the return of that person's acceptance of service by signing and returning the acknowledgment. If there is no acknowledgement, personal service is required. At

---

[1] Ms. Myshrall is represented by Attorney Rice who entered his limited appearance and filed a motion to dismiss on October 9, 2020.

3

the time these motions were filed, plaintiff had twice attempted service by mail and none of the defendants accepted service. These attempts at service failed and the Court denies these motions. Additionally, Mr. Plourde filed a motion asking the Court to serve the defendants. This motion is denied. The Court does not take sides in litigation by helping one of the parties sue the other. Finally, Mr. Plourde asked for an additional 14 days to file a return of service. This motion is granted, which causes the court to accept both attempts at service by mail to be timely, but this changes nothing because the service by mail failed and at that time there had been no personal service.

2. Motions to Dismiss

According to M.R. Civ. P. 3, "if the return of service is not timely filed, the complaint *may* be dismissed on motion and notice…" In exercising its discretion in deciding whether to dismiss a complaint for this reason, a court must consider all relevant facts, including the important factor of the amount of delay. *Jackson v. Borkowski*, 627 A.2d 1010, 1012 (me. 1993). "Excessive or unreasonable delay in service may be ground for dismissal unless shown to be the result of mistake or excusable neglect." *Fries v. Carpenter*, 567 A.2d 437, 439 (Me. 1989). It has been ruled that a delay of six months between filing and service was not excessive or unreasonable, *Maguire Const., Inc. v. Forster*, 2006 ME 112 ¶ 11, but a delay of 13 months was excessive or unreasonable, *Dalot v. Smith*, 551 A.2d 448, 449 (Me. 1988). Additionally, whether the complaint is frivolous could be part of the equation. *See Qualey v. v. Secretary of State*, 628 A.2d 1035, 1036 (Me. 1993).

In the motions to dismiss, the defendants request dismissal of the complaint with prejudice due to lack of proper service.[2] Plaintiff's final attempt at service took place on July 29,

---

[2] At the time of the first motion to dismiss filed by attorney Gould, the plaintiff had not attempted personal service, but by time of filing the second motion to dismiss, he had attempted personal service. The

2020 when a deputy sheriff personally served Northern Light's attorney Arrian Stockdell summonses and complaints for all named defendants. This constitutes personal service upon Northern Light Acadia, but certainly is not proper service upon Ms. Myshrall who is not employed by Northern Light. The question then becomes whether this third attempt at service constitutes personal service upon the other named defendants. The Court answers this in the negative. Although M.R. Civ. P. provides for personal service by leaving a copy of the summons and complaint at the person's dwelling place with a person of suitable age, that was certainly not done here. Nor is there any indication that Atty. Stockdell was authorized to accept service for any defendant but Northern Light. Furthermore, his correspondence to Mr. Plourde indicated he would accept service for Northern Light and did not indicate he would accept service for the other defendants. Additionally, other than suspecting that the others (except Ms. Myshrall) may be Northern Light employees because Atty. Gould entered a special appearance on their behalf as well, there is no indication that in fact they are Northern Light employees. To this day, these defendants have not been served in a manner authorized by M.R. Civ. P. 4.

As a sanction, the court dismisses the complaint with regard to Ms. Myshrall, who is not employed by Northern Light, as well as the other individual defendants excluding Northern Light, with prejudice. *Pro se* litigants are held to the same standards with regard to rules and procedures as attorneys. *Brown v. Thaler*, ME 75 ¶ 8, 880 A.2d 1113, 1115. The Court does not accept Mr. Plourde's self-serving statements about how he was misled by court clerks, in the absence of affidavits corroborating his version of events. The motion to dismiss was filed many months ago and Mr. Plourde has still not cured the insufficiency of service of process. Additionally, there was no need to delay service until he completed his search for people to sue

Court's decision will be based on the second motion because the Court views the first motion as being subsumed in the second.

5

because additional defendants could have been added later as was advised in the Court's May 13, 2020 denial of yet another extension to time to serve the defendants. The delay is excessive, unreasonable and not the result of excusable neglect.

The Court next addresses Northern Light's motion to dismiss. Here, proper in person service was made on July 29, 2020, which constitutes a delay of approximately 50 days. The Court is not dismissing the complaint against Northern Light Acadia because this lapse in effecting proper service is not as great, and the Court does not view this as excessive or unreasonable when compared to some delays addressed in the case law. Although it may be tempting to characterize this complaint as frivolous and factor this into the motion to dismiss decision, I cannot in good conscience find the complaint to be frivolous overall. Although unusual and containing what are probably exaggerated claims that could be considered outlandish, it could be an exaggeration itself to call the complaint frivolous such that it should be dismissed on account of the 50 day delay.

3. Requests for Default Against all Defendants

This Motion is Denied for obvious reasons. With regard to the private defendants, there can be no default if there is no service. With regard to Northern Light, although it was eventually served, Northern Light cannot be considered to be in default while entering a limited appearance to challenge the Court's jurisdiction.

The entry is:

Motion for Court ordered Disclosure of Defendants is Denied.
Motion to Reconsider Order Re: Payment of Filing Fee is Denied
Motion for Amendment of Process is Denied
Motion for Service by the Court is Denied
Motion for extension of Time is Granted
Motion for Amendment of Process is Denied
Motions to Dismiss (With Prejudice) Granted with regard to defendants Myshrall, Patel,

6

Salisbury, Ng, and Black
Motions to Dismiss with regard to Northern Light Acadia Denied

_5/31/22_
Dated

_____
William Anderson, Justice
Maine Superior Court

ORDER/JUDGMENT ENTERED IN THE
COURT DOCKET ON: 6 - 2 - 2022

7