MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2017 ME 234
Docket:      Lin-17-165
Argued:      October 13, 2017
Decided:     December 19, 2017

Panel:       ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

KATHLEEN BRYANT et al.

v.

TOWN OF WISCASSET et al.

HUMPHREY, J.

[¶1]  Kathleen Bryant and Thomas Bryant appeal from a judgment of the Superior Court (Lincoln County, *L. Walker, J.*) affirming, pursuant to M.R. Civ. P. 80B, the Town of Wiscasset Planning Board's approval of Allen and Melissa Cohen's application to expand a building used to store fireworks for the Cohens' business—Big Al's Outlet, Inc. (Count 1).  The Bryants also appeal from the judgments entered in favor of the Town on their independent claims asserting violations of their due process rights pursuant to the United States and Maine Constitutions (Counts 2 and 3) and the judgment dismissing their claim seeking declaratory relief (Count 4).  We affirm the judgment on the Rule 80B appeal and dismiss the appeal of the judgments entered on the independent claims.

2

## I. BACKGROUND

[¶2]  In September 2014, the Cohens applied to the Town of Wiscasset Planning Board for a site plan review approval and to the Code Enforcement Officer for a permit for a proposed 35-by-60-foot addition to their storage building.  The Cohens' site plan review application recited, "Fireworks storage approved and inspected by State Fire Marshal[']s Office."  The Bryants objected to the application.  After an administrative process that involved an initial appeal to and remand from the Board of Appeals, the Planning Board granted the Cohens' application.  The Bryants appealed that decision to the Board of Appeals, and the Board of Appeals issued its final decision on March 24, 2015, affirming the decision of the Planning Board.[1]  The Bryants appealed to the Superior Court, which affirmed the Planning Board decision on September 21, 2016.  Because the decision of the Planning Board is the operative one for purposes of this appeal, the facts recited below are taken from the record before the Planning Board and from the decisions the Planning Board issued on September 22, 2014, and January 12, 2015.[2]

---

[1]  Although the heading of that decision indicates that it contains "findings of fact," the decision itself references Wiscasset, Me., Site Plan Review Ordinance Art. VIII § 13 (Nov. 2012), which limits the Board of Appeals' actions to appellate review.

[2]  Because Wiscasset, Me., Site Plan Review Ordinance Art. VIII § 13 limits the Board of Appeals to an appellate capacity when it reviews site plan review applications, we directly review and

[¶3]   On September 8, 2014, the Planning Board held its first public hearing on the Cohens' application.  Allen Cohen presented the application to the Planning Board.[3]   The Bryants opposed the application, expressing concerns about the proximity of the fireworks storage building to their home.[4] The Planning Board approved the application in a written decision finding that the Cohens were already storing fireworks in the existing building on their property and "concluding"[5] that the "current building and proposed expansion have been previously approved and inspected by the State Fire Marshal[]'s Office."

[¶4]   The Bryants appealed from the Planning Board's decision to the Board of Appeals, asserting, in relevant part, that (1) the Planning Board failed to review the application against applicable legal standards, particularly National Fire Protection Association Code 1124 (NFPA 1124); (2) the Planning Board's findings were not supported by substantial evidence in the

derive facts from the Planning Board decisions and not the Board of Appeals decisions.  *See Mills v. Town of Eliot*, 2008 ME 134, ¶¶ 13-14, 955 A.2d 258; *see also supra* n.1.

[3]  Allen Cohen and his surveyor were members of the Planning Board at the time, and they both recused themselves from the Planning Board's consideration of the application.

[4]  The Planning Board sent notice of the hearing to the Bryants because they lived within 250 feet of the Cohens' property.  *See* Wiscasset, Me., Site Plan Review Ordinance Art. VIII § 6(A)(4) (Nov. 2012).

[5]  This finding was listed among the Planning Board's conclusions of law.

record; and (3) Allen Cohen's presentation of his application to the Planning Board violated Maine's conflict-of-interest law. The Board of Appeals "denied" the appeal, but nonetheless remanded the application to the Planning Board to determine whether the Cohens had written approval from the State Fire Marshal's Office for the proposed expansion.

[¶5]    On remand, the Planning Board held two hearings in November 2014 and, at the conclusion of the second hearing, unanimously approved the Cohens' application. The Bryants were not given personal notice of the hearings and did not appear at either hearing. On December 22, 2014, the Bryants filed a second appeal to the Board of Appeals, asserting in relevant part that the Planning Board's failure to give them personal notice of the November hearings violated their right to due process.

[¶6]   Despite the pending appeal, the Planning Board met in January 2015 to "again consider" the Cohens' application and to give the Bryants "the opportunity to address the Board on the application." The Bryants attended the hearing and reiterated their objections to the Cohens' application. At the January hearing, Allen Cohen displayed for the Board his federal licenses to sell fireworks; the State Fire Marshal's signed approval of the property for the storage of fireworks; and a letter from the Wiscasset Fire Department stating

that it had "no issues" with the property. The Planning Board again voted on and reapproved the application.

[¶7] In March 2015, the Board of Appeals "denied" the Bryants' second appeal and affirmed the Planning Board's approval of the Cohens' application.

[¶8] The Bryants appealed the Planning Board's decision to the Superior Court pursuant to M.R. Civ. P. 80B. In addition to their Rule 80B appeal, they brought three independent claims: two separate counts realleging that the Town had violated their due process rights by denying them "notice and an opportunity to be heard in a meaningful manner" (Counts 2 and 3); and a third count seeking declaratory relief and realleging the Bryants' claims regarding conflict of interest, procedural due process, and the storage of fireworks on the Cohens' property (Count 4).

[¶9] On September 21, 2016, the Superior Court affirmed the decision[6] of the Planning Board on the Bryants' Rule 80B appeal and entered judgments in favor of the Town on the independent claims for violation of due process. In a separate judgment entered on March 31, 2017, the court dismissed the remaining count seeking declaratory relief for lack of subject matter

---

[6] The court noted that the September 22, 2014, decision was the Planning Board's "operative" decision, and that the January 12, 2015, decision "effectively reaffirmed its earlier decision."

6

jurisdiction.[7]  The Bryants filed a timely appeal.  *See* 14 M.R.S. § 5959 (2016); M.R. Civ. P. 80B(n); M.R. App. P. 2(b)(3) (Tower 2016).[8]

## II.  DISCUSSION

### A.    Site Plan Review

[¶10]  In their Rule 80B appeal, the Bryants first challenge the Planning Board's approval of the Cohens' site plan review application.

[¶11]  "Our review of administrative decision-making is deferential and limited."  *Wolfram v. Town of N. Haven*, 2017 ME 114, ¶ 7, 163 A.3d 835 (quotation marks omitted).  "In a Rule 80B appeal, the Superior Court acts in an appellate capacity, and, therefore, we review the [Planning Board's] decision directly," *21 Seabran, LLC v. Town of Naples*, 2017 ME 3, ¶ 9, 153 A.3d 113 (quotation marks omitted); *see also supra* n.2, for errors of law, abuses of discretion, or findings not supported by substantial evidence in the administrative record.  *Osprey Family Tr. v. Town of Owls Head*, 2016 ME 89, ¶ 9, 141 A.3d 1114.  The Bryants bear the burden of persuasion because they

---

[7]  The trial court dismissed Count 4 for lack of subject matter jurisdiction, concluding that a letter from the State Fire Marshal's Office constituted final agency action and that the Bryants failed to pursue an available administrative appeal.  *See* M.R. Civ. P. 80C.

[8]  This appeal was commenced before September 1, 2017, and therefore the restyled Maine Rules of Appellate Procedure do not apply.  *See* M.R. App. P. 1.

seek to vacate the Planning Board's decision. *Wolfram*, 2017 ME 114, ¶ 7, 163 A.3d 835.

[¶12] The Bryants contend that the Planning Board erred when it approved the site plan review application because the Planning Board failed to ensure that the Cohens' fireworks storage building complied with NFPA 1124.[9] Although interpretation of an ordinance is a question of law, and therefore reviewed de novo, *see Wolfram*, 2017 ME 114, ¶ 7, 163 A.3d 835, "we accord 'substantial deference' to the Planning Board's characterizations and fact-findings as to what meets ordinance standards." *Bizier v. Town of Turner*, 2011 ME 116, ¶ 8, 32 A.3d 1048.

[¶13] The Wiscasset site plan review ordinance requires that hazardous materials, including fireworks, be stored in accordance with the standards of the federal or state agency that deems them hazardous. Wiscasset, Me., Site Plan Review Ordinance Art. VIII § 9(L) (Nov. 2012). The Office of the State Fire Marshal is the state agency that regulates fireworks. *See* 8 M.R.S. § 236 (2016); 25 M.R.S. § 2396 (2016). The Planning Board found that the Cohens had sufficient approval from the State Fire Marshal's Office to store fireworks and to expand their storage facility.

---

9    In relevant part, NFPA 1124 section 6.2.4 states: "Consumer fireworks storage buildings . . . shall not be located in residential areas."

[¶14]    According deference to the Planning Board's findings, we conclude that there was substantial evidence before the Planning Board to support its conclusion that the Cohens' fireworks storage building and the proposed extension complied with NFPA 1124: Allen Cohen asserted multiple times that he had State Fire Marshal approval, there is documentation that the property was approved for the storage of fireworks in 2013 prior to the Cohens' site plan review application for the proposed expansion of the storage building, and the Town's attorney advised the Planning Board that the Inspection Supervisor of the State Fire Marshal's Office informed her that no additional approval was necessary for the proposed expansion.  *See Osprey Family Tr.*, 2016 ME 89, ¶ 9, 141 A.3d 1114 ("Substantial evidence exists when a reasonable mind would rely on that evidence as sufficient support for a conclusion.") (quotation marks omitted)).

B.    Procedural Due Process Violations

[¶15]    The Bryants next allege in their Rule 80B appeal that their procedural due process rights were violated when the Planning Board failed to provide them with personal notice of its November meetings.  "We will vacate a planning board's decision if, as a result of [ex parte] communications, the decision results in procedural unfairness," *see Duffy v. Town of Berwick*,

2013 ME 105, ¶ 18, 82 A.3d 148 (quotation marks omitted), but an adjudicative body "may disregard nonprejudicial failure to comply strictly with notice requirements." *Town of Ogunquit v. Dep't of Pub. Safety*, 2001 ME 47, ¶ 11, 767 A.2d 291. Whether the effect of procedural unfairness denies a party due process is a question of law that we review de novo. *See Wolfram*, 2017 ME 114, ¶ 20, 163 A.3d 835.

[¶16] The Planning Board held a fourth meeting in January 2015 to consider the Cohens' application after the Bryants informed the Planning Board that they had not received notice of the November meetings. The Planning Board voted to reaffirm its approval only after hearing the Bryants' objections for the second time. In view of the Planning Board's remedial action, including notice to the Bryants of the January meeting and providing them an opportunity to be heard, and the resulting lack of prejudice to the Bryants, we conclude that the Planning Board did not violate the Bryants' due process rights. *See Town of Ogunquit*, 2001 ME 47, ¶¶ 13-14, 767 A.2d 291 (holding that the court erred when it dismissed the action for procedural defects because the Town took adequate remedial measures and no prejudice resulted to the petitioners).

C.      Conflict-of-Interest Violation

[¶17]  The Bryants also allege in their Rule 80B appeal that the Planning Board's decision is void pursuant to Maine's conflict-of-interest law, 30-A M.R.S. § 2605 (2016).  This is an issue of law that we review de novo.  *See Wolfram*, 2017 ME 114, ¶ 20, 163 A.3d 835.  Section 2605 makes a vote of a municipal body voidable when an official votes on a question in which he has a pecuniary interest.  *See* 30-A M.R.S. § 2605(1).  Section 2605(4) provides that votes on questions at municipal proceedings are "not voidable and actionable if the official makes full disclosure of [the] interest before any action is taken and if the official abstains from voting . . . and from otherwise attempting to influence a decision in which the official has an interest."  Because Allen Cohen disclosed his interest and recused himself from voting on his application, and because there was no evidence of improper influence, the Planning Board's vote to approve the Cohens' site plan review application was not voidable.  A contrary application of section 2605 would deprive Planning Board members of the right to present their own applications for site plan review and would discourage capable people from serving as members of municipal boards.  *See generally Anderson v. Zoning Comm'n of Norwalk*, 253 A.2d 16, 20 (Conn. 1968); *Szoke v. Zoning Bd. of Adjustment of Monmouth*

*Beach,* 616 A.2d 942, 945 (N.J. Super. Ct. App. Div. 1992) ("[P]ublic confidence in a board's proceedings will not be impaired, when a board member publicly and openly steps down from the official position to assert legal rights as an active party participant.").

D.    Independent Claims

[¶18]  The Bryants' independent claims (Counts 2, 3, and 4) collectively rely on the same factual allegations and issues—conflict-of-interest and procedural due process violations, and violations of the laws, regulations, and ordinances regarding the storage of fireworks—and seek the same ultimate relief as their Rule 80B appeal.  Those issues were thoroughly discussed and properly addressed by the court in its judgment on the Rule 80B appeal, and any further discussion of those claims would be duplicative.  *See Kane v. Comm'r of the Dep't of Health and Human Servs.*, 2008 ME 185, ¶ 32, 960 A.2d 1196; *Adelman v. Town of Baldwin*, 2000 ME 91, ¶ 7, 750 A.2d 577. Accordingly, the Bryants' appeal of the judgments on their independent claims are dismissed as moot because the issues have "lost [their] controversial vitality," and any further "decision by this [C]ourt would not provide [the

12

Bryants] any real or effective relief."[10]  *See Sparks v. Sparks*, 2013 ME 41, ¶ 9, 65 A.3d 1223 (quotation marks omitted).

The entry is:

> Judgment of Superior Court affirmed with respect to the Rule 80B appeal.  Appeals dismissed with respect to the judgments on the independent claims.

---

Jonathan A. Pottle, Esq. (orally), and Patrick W. Lyons, Esq., Eaton Peabody, Bangor, for appellants Kathleen Bryant and Thomas Bryant

Mary E. Costigan, Esq. (orally), Bernstein Shur, Portland, for appellee Town of Wiscasset

Chris Neagle, Esq. (orally), Troubh Heisler, PA, Portland, for appellees Allen Cohen, Melissa Cohen, and Big Al's Outlet, Inc.

Lincoln County Superior Court docket number AP-2015-1
FOR CLERK REFERENCE ONLY

---

[10]  Although the Bryants separately challenge the trial court's judgment dismissing their claim for declaratory relief (Count 4) for lack of subject matter jurisdiction, M.R. Civ. P. 12(b)(1), based on the court's conclusion that the Bryants failed to pursue a Rule 80C appeal of final agency action by the State Fire Marshal's Office, the allegations and claims in Count 4 were duplicative of and properly addressed in the Rule 80B appeal, and warrant dismissal on that basis alone. *See Cent. Me. Power Co. v. Me. Pub. Util. Comm'n*, 395 A.2d 414, 434 (Me. 1978).