STATE OF MAINE                                        SUPERIOR COURT
LINCOLN, ss                                           DOCKET No. WISSC-AP-2020-001
                                                                  WISSC-AP-2020-002
                                                                  WISSC-AP-2020-003

KATHLEEN BRYANT and
THOMAS BRYANT

        v.

TOWN OF WISCASSET                                     ORDER on 80B APPEAL
        and

BIG AL'S OUTLET, INC.,
        and

ALLEN COHEN and
MELISSA COHEN


Before the Court is Plaintiffs Kathleen Bryant and Thomas Bryant's appeal challenging three

licenses issued by Defendant, Town of Wiscasset, to Parties in interest, Allen Cohen, Melissa

Cohen, and Big Al's Outlet, Inc. The appeal is brought pursuant to M.R. Civ. P. 80B.

## I.      Factual Background

The facts most pertinent to this appeal are taken from the Updated Rule 80 Record, attached

as Exhibit 1 in support of Plaintiffs' appeal filed on November 9, 2020. [1] This case stems from a

history of litigation between landowners on JB's Way in Wiscasset, Maine. For years, the Bryants

have challenged various licenses issued to the Cohens and Big Al's related to their fireworks retail

business based on financial and safety concerns. [2]

---

[1] Plaintiffs also attached a slightly different version of the Record as Exhibit A.

[2] *See e.g. Bryant v. Wiscasset*, 2017 ME 234, 176 A.3d 176 (concluding there was substantial evidence before the
Planning Board to support its conclusion that the Cohens' fireworks storage building and the proposed extension
complied with NFPA 1124); *Bryant v. State of Maine Dept. of Public Safety et al.*, AP-19-18, 2020 Me. Super. LEXIS
75 (May 7, 2020) (holding the "fireworks located at JB's Way are possessed with the intent to sell, the law requires
the Cohens to Obtain a separate consumer fireworks retail license for their JB's Way property"); *Bryant v. Town of
Wiscasset*, AP-15-0001, 2016 Me. Super. LEXIS 306 (Sept. 21, 2016) (affirming Town of Wiscasset's Planning Board
decision to approve application for a permit to build an addition on the fireworks storage building at JB's Way.)

1

Allen Cohen is the owner and president of Big Al's Fireworks Outlet. (R. 98.) Big Al's retail store is located at 300 Bath Road (Route 1) in Wiscasset. (R. 98.) Allen Cohen and Melissa Cohen also own property located at 2 JB's Way. (R. 33.) The Cohens use their JB's Way property to house a consumer fireworks warehouse facility and store fireworks in Conex boxes outside of the warehouse. (R. 110, 425.) Kathleen and Thomas Bryant reside at 32 JB's Way, which abuts the Cohen's property. (R. 42.)

On August 25, 2018, Mr. Cohen, on behalf of Big Al's Outlet Inc., doing business as Big Al's Firework Outlet, filed an application for an annual Town of Wiscasset Sale of Consumer Fireworks License for its retail location at 300 Bath Road for 2018. (R. 28-32.) On December 29, 2018, Mr. Cohen filed an application for a three-year business license with the Town of Wiscasset for Big Al's at 300 Bath Road. (R. 98.) On August 30, 2019, Mr. Cohen filed an application for an annual Sale of Consumer Fireworks License for Big Al's at 300 Bath for 2019. (R. 99.) On September 17, 2018, the Town of Wiscasset requested additional information from Mr. Cohen to demonstrate compliance with state law and local ordinances. (R. 51-52.) Mr. Cohen provided a narrative and additional documentation to the Town of Wiscasset Select Board on September 30, 2018. (R. 56-66.) The applications were discussed by the Select Board at several Board meetings. (R. 22-26, 43, 55, 106, 415-416.) On December 17, 2019, the Board held a public hearing and unanimously approved both applications for the annual Consumer Fireworks Sale Licenses and the 2018 Business license for the 300 Bath Road. (R. 464-467.) The annual licenses are now expired. The business license is still valid.

Since then, the Kennebec County Superior Court heard a separate but related appeal brought by the Bryants pursuant to M.R. Civ. P. 80C. [3] That appeal challenged the State Department of Public Safety and Office of the Fire Marshal's renewal of the Cohen's State Consumer Fireworks Licenses issued to Big Al's at 300 Bath Road. In its May 7, 2020 Order, that Court clearly articulated its interpretation of state consumer fireworks sale and storage laws when it stated "Maine law is clear that, 'except for the sale of consumer fireworks under [8 M.R.S.] 223-A, a person may not sell, *possess with the intent to sell* or offer for sale fireworks.'. . . Section 223-A requires a consumer fireworks retailer to obtain a separate license for each location at which the retailer seeks to sell fireworks." *Bryant v. State of Maine Dept. of Public Safety et al.*, AP-19-18, 2020 Me. Super. LEXIS 75, at *8 (May 7, 2020). The Court held that because the Cohens intend to sell the fireworks being stored at JB's Way, state law requires them to obtain a separate state consumer fireworks license for their JB's Way property. *Id.* at 9. [4]

Following that Order, in October of 2020, the State Fire Marshal's Office issued a "cease and desist" order to the Cohens for unlawful consumer fireworks activity at the JB's Way property. (Pl.'s Att. B.) [5] That proceeding appears to be ongoing and there is no evidence in this record that the State Fire Marshal's Office has issued a license to the Cohens' for their JB's Way property.

---

[3] *See Bryant v. State of Maine Dept. of Public Safety et al.*, AP-19-18, 2020 Me. Super. LEXIS 75 (May 7, 2020).

[4] The Court did not vacate the license but noted that "although there is no dispute that the Cohens have not received a consumer fireworks license for their JB's Way facility, it is apparent from the record that the Commissioner believed the Cohens' storage facility complied with the Law and that the Cohens have acted in reasonable reliance upon and in conformance with the Commissioner's official interpretation of the law. Consequently, in this case, the Commissioner would have been estopped from using the Cohens' storage of Fireworks at JB's Way as a ground for denying the Cohens' application to renew their license to sell fireworks at their 300 Bath Road store." *Id.* at 10.

[5] The SFMO's letter stated in full: "As you are aware our office recently conducted an inspection of your facility at 2 JB's Way, Wiscasset. It is apparent from our inspection that you are storing consumer fireworks at this facility. As I'm sure you are also aware, the Superior Court has recently held that an entity seeking to store consumer fireworks must have a license for each storage location. Since our office has not issued a license for the 2 JB's Way facility, you must cease and desist any storage of consumer fireworks at that location until a proper license has been issued or the legislature clarifies this issue."

3

## II. Mootness

As a threshold matter, because the 2018 and 2019 annual licenses have expired, the Court must first determine whether the issues presented in this case are moot. Whether an issue is moot is a question of law. *Roberts v. Roberts*, 2007 ME 109, ¶ 6, 928 A.2d 776. "If a case does not involve a justiciable controversy, it is moot." *Lewiston Daily Sun v. School Admin. Dist. No. 43*, 1999 ME 143, ¶ 13, 738 A.2d 1239. "A justiciable controversy is a claim of present and fixed rights, as opposed to hypothetical or future rights, asserted by one party against another who has an interest in contesting the claim." *Me. Civil Liberties Union v. City of S. Portland*, 1999 ME 121, ¶ 8, 734 A.2d 191 (internal quotation marks omitted.) The test to determine whether an issue is moot, "is whether 'sufficient practical effects [flow] from the resolution of [the] litigation to justify the application of limited judicial resources.'" *In re Marcial O.*, 1999 ME 64, ¶ 9, 728 A.2d 158 quoting *Campaign for Sensible Transp. v. Maine Turnpike Auth.*, 658 A.2d 213, 215 (Me. 1995). An issue is considered moot if there is "no real and substantial controversy." *McGettigan v. Town of Freeport*, 2012 ME 28, ¶ 10, 39 A.3d 48. A "real and substantial controversy" is one that can be resolved by the court "through a judgment of conclusive character." *Halfway House v. City of Portland*, 670 A.2d 1377, 1379 (Me. 1996) (quotation marks omitted).

The Law Court has recognized exceptions to the "mootness doctrine for issues that (1) have sufficient collateral consequences; (2) are of great public concern; or (3) are capable of repetition but evade review." *Carroll F. Look Constr. Co. v. Town of Beals*, 2002 ME 128, ¶ 6, 802 A.2d 994. The third exception will apply if the issue is one that may "evade review because of [its] fleeting or determinate nature." *Anthem Health Plans of Me., Inc. v. Superintendent of Ins.*, 2011 ME 48, ¶ 8, 18 A.3d 824. *See also Lynch v. Town of Kittery*, 473 A.2d 1277, 1279 (Me. 1984) (declining to dismiss the appeal as moot "merely because the [] permit which the Town Counsel

4

was ordered to approve has already expired" because it may be repeatedly presented to the Superior Court, yet escape review due to its determinate nature.)

The two annual licenses challenged in this case are expired. The Bryants do not have a present or fixed claim in the Big Al's licenses that are no longer valid and cannot use this proceeding to ensure future or hypothetical rights. As a result, there is no justiciable controversy for this Court to decide. Further, a ruling in the Bryants favor would not provide them with any practical or effective relief at this time. It would also provide no effective relief to remand this issue back to the Select Board for reconsideration. The Court finds the issues related to the annual Consumer Fireworks Sales Licenses issued by the Town of Wiscasset Select Board are moot.

The Court also finds there is no applicable exception to mootness. Although the Sale of Consumer Fireworks License is only valid for one year and there is potential for this issue to be repeated [6] but evade review due to their determinate nature; since the time of the approval of the annual licenses which are the subject in this pending appeal in WISSC-AP-2020-1, and WISSC-AP-2020-2, the Superior Court in Kennebec County issued the May 7, 2020 Order interpreting one of the directly relevant statutes. This Court anticipates that Order will directly and significantly impact the Town of Wiscasset Select Board's consideration of future applications. The Board will be obliged to consider the Court's interpretation of 8 M.R.S. § 233 and 233-A, which was not available to the Board when it granted the 2018 and 2019 Sale of Consumer Fireworks Licenses. This exact issue is therefore not likely to recur and is not subject to the third exception to the

---

[6] The procedural and factual history of this case demonstrates the Bryants will likely challenge the next license obtained by Big Al's. In fact, since this appeal has been pending, the Bryants have filed at least one additional action which is now pending in Lincoln County Superior Court, Docket No. Wisc. AP-21-04. That case will not likely be subject to a similar mootness conclusion.

mootness doctrine. The business license, however, is valid for a three-year period and has not expired. The merits of this appeal as it relates to the business license are discussed below.

### III. 2018 Business License

#### a. Standard of Review

When acting in its appellate capacity, the Superior Court examines the municipality's decision for "errors of law, abuse of discretion, or findings not supported by substantial evidence in the administrative record." *Bryant v. Town of Wiscasset*, 2017 ME 234, ¶ 11, 176 A.3d 176 (citations omitted.) "Substantial evidence" exists if there is evidence in the administrative record "that a reasonable mind would accept as sufficient to support the conclusion." *Sproul v. Town of Boothbay Harbor*, 2000 ME 30, ¶ 8, 746 A.2d 368. "The possibility of drawing two inconsistent conclusions from the evidence does not make the evidence insubstantial." *Id.* The Court may not substitute its judgment for that of the Board. *Tarason v. Town of S. Berwick*, 2005 ME 30, ¶ 6, 868 A.2d 230.

The decision under review in this case is the Wiscasset Town Select Board decision from December 17, 2019, which granted Big Al's the three-year business license. (R. 467.) As the party seeking to vacate the municipality decision the Bryants "bear the burden of persuasion." *Bryant v. Town of Wiscasset*, 2017 ME 234, ¶ 11, 176 A.3d 176 citing *Wolfram v. Town of N. Haven*, 2017 ME 114, ¶ 7, 163 A.3d 835. "Substantial deference" will be given to the Board's "characterization and fact findings as to what meets ordinance standards." *Bryant*, 2017 ME 234, ¶ 12, 176 A.3d 176 quoting *Bizier v. Town of Turner*, 2011 ME 116, ¶ 8, 32 A.3d 1048.

#### b. Discussion

The Bryants argue that the Wiscasset Select Board erred by approving the business license because Big Al's does not fully comply with Wiscasset Town Ordinances and state law at both the

6

JB's Way and 300 Bath Road locations. The Bryants also argue there is insufficient evidence in the record to support the Board's decision to issue the business license. The Town of Wiscasset argues in response that decision to issue the license is supported by sufficient evidence in the record, based on a correct application of law, and does not constitute an abuse of discretion.

Pursuant to Maine law a person may not sell consumer fireworks unless that person is 21 years of age or older and possesses: a federal permit to sell fireworks, a state license, a municipal permit, if required, and complies with all storage and handling regulations. 8 M.R.S. § 223-A (1)-(4)(2021).

Wiscasset Ordinances (R. 1-17) Article IX, Section 9, governs the application process for a Business License and requires a person or organization to obtain a business license from the Town Clerk for each business entity and each location before engaging in the business activity. (R. 2; Wiscasset, Me. Business License Ordinance, Art. IX, §9.3 (Nov. 2017)). The application must be made in writing, and include information such as the name, location, and a description of the business. (R.3; § 9.5.) The application must be complete and contain no false or misleading statement or misrepresentations. (R. 3; § 9.5.3.) An applicant must comply with all state laws and town ordinances, and each license will be valid for three years from the date it was issued. (R. 2; § 9.3.)

The Town of Wiscasset Fireworks Ordinances is found in Article IX, Section 12. (R. 4-7; Wiscasset, Me. Fireworks Ordinances, Art. IX § 12 (Nov. 2017)). The sale of fireworks is permitted only in the designated Rural and Commercial Districts along Route 1, on a lot that is conforming as to size, and on which retail sales are allowed under Wiscasset Zoning Ordinance. (R. 5; §§ 12.3.2.- 12.3.2.1.) The sale of fireworks requires a conditional use permit from the Wiscasset Planning Board, a business license from the Wiscasset Town Clerk, and an annual

7

business license from the Board of Selectmen. (R. 5; § 12.3.2.3.) The Board of Selectmen shall issue a license to sell fireworks if it finds the applicant: has not been convicted of a Class A, B, or C crime; has not, through the use of fireworks, consumer fireworks, or in any other way created a danger to the general public; and has complied with all federal, state, and local laws, ordinances, rules, and regulations. (R. 5-6; §§ 12.3.2.3.1- 12.3.2.3.3.)

On December 17, 2019 the Wiscasset Select Board determined the application contained all of the required information, the Cohens and Big Al's complied with federal and state law and local ordinances, and approved the applications for a business license and two annual consumer sales license for the Big Al's retail store located at 300 Bath Road. (R. 466-67.) According to the meeting minutes, before the public hearing, Board Chair Judy Colby indicated Big Al's first applied for a business license in 2012, met all the requirements and was issued a business license. That license was then renewed in 2015. (R. 464.) Mary Costigan, attorney for the Town, advised that the 2018 business license was for the 300 Bath Road location only and that a separate business license was not required for the storage facility at JB's Way. (R. 464.) Town Manager John O'Connell said according to the State Fire Marshal, the appropriate distances between buildings had been met. (R. 464.) The vote on the business license was tabled until after the Board held a public hearing on the annual consumer licenses. (R. 464.)

Although the issue of the annual licenses is moot, review of the evidence in the record supporting approval of the consumer sales licenses is helpful to determine whether there is sufficient evidence to support the findings that the Cohens and Big Al's were in compliance with state law and local ordinances for purposes of the business license. Regarding compliance with state law at 300 Bath Road, the Board found that Mr. Cohen is over the age of 21; had the necessary federal permits to sell fireworks; complied with storage and handling requirements, specifically,

8

that the fireworks are stored and sold in permanent, fixed, stand alone-alone building dedicated solely to the storage and sale of fireworks, the building is constructed, maintained and operated and fireworks are stored in compliance with NFPA 1124, relevant building codes, zoning ordinances, and other municipal ordnances, that the building is located at least 60 feet from another permanent building and at least 300 feet from a structure at which gasoline, propane or other flammable material is sold or dispensed; and the application had been approved by the police chief, fire chief, and code enforcement officer. (R. 466.)

In support of these findings, the record includes evidence that Mr. Cohen provided the Board with his State of Maine License for Sale of Consumer Fireworks issued in March of 2018 to Big Al's at 300 Bath Road, by the State Fire Marshal's Office. (R. 56, 59.) That license was renewed in April 2019 after Mr. Cohen demonstrated he had complied with recommendations from the State Fire Marshal following inspection. (R. 101, 177-180, 188-190.) The Board Chair moved to accept the State Fire Marshal requirements for the issuance of the fireworks permit as evidence of compliance with state law, and the Board voted unanimously in favor. (R. 467.) Mr. Cohen also possessed a Federal Explosives License and Permit and Clearance from the ATF valid until July 1, 2021 (R. 30-32.) Affording the Board discretion to decide what constitutes evidence of compliance with its ordinances, the Court is satisfied the record contains evidence sufficient to support the Board's findings that Mr. Cohen was in compliance with State Law with regard to his annual consumer fireworks license application for 300 Bath Road, and by extension his Business License.

Regarding compliance with the Town of Wiscasset Ordinances, the Board found that the retail store is on a lot conforming to size and in an area where retail sales are allowed; the sale of consumer fireworks complies with all local, state, and federal rules and regulations; the applicant

9

received a conditional use permit from the planning board for the property on which the business is located; the applicant does not have a business license; the applicant has not been convicted of a Class A, B, or C crime; the applicant has not created a danger to the general public; and that the applicant had complied with all federal, state and local laws, ordinances, rules and regulations. (R. 466.)

These findings are supported by the business license application and several documents submitted by Mr. Cohen to the Board, including a statement by Mr. Cohen outlining his compliance with state law and local ordinances, copies of his federal permits, and pictures of the outside of the retail store. (R. 98, 56-66.) Chris Neagle, attorney for the Cohens and Big Al's, also submitted memoranda to the Board prior to the approval which indicated that Big Al's had provided the Board with documentation of each requirement of the governing laws and ordinances. (R. 421- 433, 98-105.) Specifically, in his memorandum dated December 11, 2019, (R. 421-433) Attorney Neagle represented, among other things, that the Cohens submitted a Site Plan in 2012 to the Select Board that the retail lot is conforming in size and location, (R. 422) that the town manager, fire chief, police chief and code enforcement officer inspected the retail store on September 11, 2018, raised no issues, and planned to visit again in 2019, (R. 426) that Mr. Cohen received approval from the town Planning Board on May 14, 2012, (R. 422) that the Conex boxes at the retail store comply with federal regulations adopted by Maine law, and the boxes had been emptied following the State Fire Marshal inspection in March of 2019. (R. 425, 188-190.) After the Board approved the annual consumer licenses, it granted Big Al's' Business License. (R. 467.)

The Court finds the Board's approval of the business license for 300 Bath Road is supported by sufficient evidence in the record. Although there is evidence to the contrary, the Court may not substitute its own judgment for that of the Board. Based on this record the Board

10

did not abuse its discretion or make an error of law by approving the business license application for 300 Bath Road on December 17, 2019.

Finally, although there is sufficient evidence to support the Board's findings, as discussed above the Superior Court has since provided a more current interpretation of state law governing the sale and storage of fireworks, which Wiscasset Town Ordinances require. The Kennebec County Superior Court found that the Cohens intend to sell the fireworks being stored at JB's Way and determined that state law requires them to obtain a separate state consumer fireworks license for each business location. The Wiscasset Select Board did not have the benefit of the May 7, 2020 Order with its interpretation of state law at the time the application for the three-year business license was approved. The Select Board understood the Big Al's retail facility at 300 Bath Road complied with state law and acted in reliance on the State Fire Marshal's issuance of a license as evidence that Big Al's complied with state law. However, based on the May 7, 2020 Order, without the additional state license to sell consumer fireworks at the storage location on JB's Way, Big Al's is arguably unable to comply with the applicable Wiscasset Town Ordinances in its application for a business license as it would not be in compliance with state law regulating the business of buying, selling, and storing fireworks.

Accordingly, this Court hereby determines that the decision regarding the three-year business license should be remanded to the Select Board pursuant to M.R. Civ. P. 80B(m). The Select Board is directed to consider the application consistent with the May 7, 2020 Superior Court decision.

11

The Clerk is directed to incorporate this Order by reference as follows:

WISSC-AP-2020-01 MRCivP 80B Appeal DISMISSED as moot;

WISSC-AP-2020-02 MRCivP 80B Appeal DISMISSED as moot;

WISSC-AP-2020-03 MRCivP 80B Appeal REMANDED for further consideration by the Select Board in accordance with the directions in this Order.

Date: 5/7/21

Justice Superior Court
Justice Robert Murray

Entered on Docket: 5/10/21 .

12